KIMBERLY HOLMES, BY HER FATHER AND NEXT FRIEND, MILO
C. HOLMES, APPELLANT, v. LOUIS S. CIRCO, DOING BUSINESS
AS CIRCO'S BAR, ET AL., APPELLEES.

244 N. W. 2d 65

Filed July 14, 1976. No. 40442.

Warren C. Schrempp and Richard E. Shugrue of Schrempp, Dinsmore & McQuade, for appellant.

Gross, Welch, Vinardi, Kauffman & Day, for appellees.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

BRODKEY, J.

Kimberly Holmes, the plaintiff below, appeals from orders entered by the District Court sustaining defendants' motions to strike certain portions of her petition, and to dismiss the petition because of her failure to amend or plead further within the 10-day period granted to her by the court. The reason for the dismissal, as stated in the order of the court, was that the petition failed to state a cause of action. We affirm.

Plaintiff had instituted the action against Louis S. Circo, the owner of Circo's Bar, and Theresa Ann Jones, his employee, to recover damages for injuries sustained by her when a vehicle in which she was riding collided with an automobile driven by one George Allen Archer. Plaintiff's petition consisted of four separate causes of action, the first and third causes of action being based upon various specified negligent acts, including the violation of section 53-180, R. R. S. 1943. The second and fourth causes of action were not grounded upon the theory of negligence, but merely alleged a violation by the defendants of section 53-180, with the further allegation that the acts of the respective defendants were the proximate cause of plaintiff's injuries. Other than the violation of the statute above referred to, the acts on which the allegations of negligence were predicated consisted of defendants serving alcoholic beverages to Archer on the day of the accident knowing that he was "intoxicated and physically and mentally incapacitated by the consumption of alcoholic liquors and had at his disposal an automobile which he intended to operate upon leaving said premises."

Defendants' motion to strike was based principally on the ground that there was neither common law nor statutory relief available to the plaintiff. In his memorandum sustaining the motion to strike, the trial judge stated: "The Plaintiff, by the allegations in her Petition, seeks to have this Court impose Dram Shop Act liability on a tavern owner by construing certain alleged violations of criminal statutes in the Nebraska Liquor Control Act as constituting some evidence of negligence. * * * This would be a new legal doctrine in Nebraska." The court subsequently dismissed the petition on the ground it did not state a cause of action, and plaintiff thereafter perfected her appeal to this court.

In this appeal, we must decide whether or not plaintiff's petition stated a cause of action against defendants either on the theory of negligence, or on a statutory

cause of action created by section 53-180, R. R. S. 1943; and whether the violation of such statute may be considered as evidence of negligence.

We first discuss the nature and effect of section 53-180, R. R. S. 1943, relied upon by plaintiff as a basis of recovery. That section reads as follows: "No person shall sell, give away, dispose of, exchange or deliver, or permit the sale, gift or procuring of any alcoholic liquors, to or for any minor, any person who is mentally incompetent, or any person who is physically or mentally incapacitated by the consumption of such liquors." The penalty for violation of section 53-180, by a licensee or employee thereof, is set out in section 53-180.05 (2), which makes the violation of the provisions of that section a misdemeanor, and further provides that upon conviction, the penalty shall be a fine of not less than $250 nor more than $500 or imprisonment in the county jail for 15 days, or both such fine and imprisonment. The Nebraska Liquor Control Act, originally adopted in 1935, does not contain provisions establishing strict liability, creating a civil cause of action in favor of injured parties, or imposing civil penalties, as was true under Nebraska's former dram shop or civil liability acts.

By way of historical background to aid in a better understanding of the problems involved in this appeal, we point out that the first Nebraska civil damage action statute, sometimes termed the dram shop act, was enacted in 1881, and appeared as sections 3859 to 3864, R. S. 1913. It was broad in scope, and made liquor dispensers liable for all damages that "the community or individuals may sustain in consequence of such [liquor] traffic." With the advent of prohibition, the entire Chapter relating to and regulating the liquor business, including the dram shop provisions, were repealed in 1917; and an entirely new Chapter relating to intoxicating liquors was enacted. Laws 1917, chapter 187, section 52, page 448, contained wholly new dram shop provisions which were effective until repealed. That sec-

tion, as amended in ensuing years, appeared as section 53-147, C. S. 1929. In 1935, another new act, the Nebraska Liquor Control Act, was passed, which, among other things, repealed Chapter 53 of C. S. 1929, including the dram shop provisions of section 53-147, C. S. 1929. This is the act, which with occasional amendments since that date, is currently in effect.

In enacting the Nebraska Liquor Control Act in 1935, the Legislature did not include new dram shop provisions, as did the prior acts. Nor has our Legislature subsequently added the same or similar provisions, although it could well have done so had it wished to impose strict liability upon owners and operators of bars, or desired to create a civil cause of action in favor of those injured as a result of a violation of the liquor laws. The present law prohibits the dispensing of intoxicating liquors to certain classes of persons, and is a comprehensive act to regulate the manufacture, sale, and distribution of alcoholic liquors.

There are cases from other jurisdictions holding that the purpose of a prohibitory statute, such as the above, is to regulate the business of selling intoxicants, and not to enlarge civil remedies. Collier v. Stamatis, 63 Ariz. 285, 162 P. 2d 125 (1945); Carr v. Turner, 238 Ark. 889, 385 S. W. 2d 656 (1965); Lee v. Peerless Ins. Co., 248 La. 982, 183 So. 2d 328 (1966). In Hamm v. Carson City Nugget, Inc., 85 Nev. 99, 450 P. 2d 358 (1969), the court held that a violation of a statute, similar to Nebraska's, providing that the person in charge of a saloon or bar who sells intoxicating liquor to any person who is drunk is guilty of a misdemeanor does not impose civil liability on one in charge of the saloon or bar. We agree that statutes of this type do not create a civil remedy or impose a duty on the part of the bar or tavern operator toward injured third parties.

While not involving the liquor statute under consideration, the recent case of Kube v. Kube, 193 Neb. 559, 227 N. W. 2d 860 (1975), is relevant. Kube was an action

brought under the provisions of the federal Fair Labor Standards Act prohibiting employment of persons under the age of 16 in occupations that have been found and declared to be particularly hazardous for such persons, and involved the employment of a child under 16 years of age to operate a farm tractor of over 20 PTO horsepower. The petition there alleged that the employment of the plaintiff by the defendant was unlawful and in violation of the federal act and regulations, and that the violation of the law was the proximate cause of the accident and the injuries to the boy. The trial court sustained a general demurrer to the petition and dismissed the action. The federal act provided no civil remedy for violation of the act but prescribed criminal penalties, and the issue on appeal was whether a civil remedy might be implied. The court held it could not, basing its decision on the case of Breitwieser v. KMS Industries, Inc., 467 F. 2d 1391, where the United States Court of Appeals, 5th Circuit, held the Fair Labor Standards Act did not create a private cause of action for the death of a 16-year-old boy who was operating a forklift truck in violation of the provisions of the act and the regulations. In discussing Breitwieser, this court noted: "The Breitwieser case was decided upon the theory that the Fair Labor Standards Act contains a comprehensive enforcement scheme including substantial criminal penalties for violations of child labor law." This court stated that the District Court had based its decision on the ground that Congress did not intend that private damage suits should be an available remedy under the child labor section because civil remedies were provided for certain violations of the act but only criminal sections were provided under the child labor section. We likewise conclude the Nebraska liquor statute before us does not create a new cause of action.

We next consider whether plaintiff's petition states a cause of action based upon common law negligence. At common law, and apart from statute, no redress existed

against persons selling, giving, or furnishing intoxicating liquor, or their sureties, for resulting injuries or damages due to the acts of intoxicated persons, whether on the theory that the dispensing of the liquor constituted a direct wrong or constituted actionable negligence. This rule was based on the theory that the proximate cause of the injury was the act of the purchaser in drinking the liquor and not the act of the vendor in selling it. See, 48 C. J. S., Intoxicating Liquors, § 430, p. 716; 45 Am. Jur. 2d, Intoxicating Liquors, § 553, p. 852. In Kraus v. Schroeder, 105 Neb. 809, 182 N. W. 364 (1921), this court recognized the common law rule, stating: "The statute in question [a prior Nebraska dram shop act] was passed in 1881 and remained in force until May 1, 1917, when our prohibitory enactments became operative. During this long period it was frequently construed by the courts and was uniformly held to create a liability upon those who engaged in the liquor traffic under its provisions, creating a liability that did not exist at the common law." It is undoubtedly true that in recent years a respectable number of states have retreated from or have abrogated the strict common law rule. The present status of that rule is well summarized in the following opinions. In Garcia v. Hargrove, 46 Wis. 2d 724, 176 N. W. 2d 566 (1970), the court stated: "Counsel for both parties and the several briefs of amicus curiae have presented a most helpful review of the recent case law throughout the country. We have examined and considered the authorities cited. The landmark cases in which states have abrogated the common-law rule are Waynick v. Chicago's Last Dept. Store (7th Cir. 1959), 269 F. 2d 322, 77 A. L. R. 2d 1260; Rappaport v. Nichols (1959), 31 N. J. 188, 156 A. 2d 1. * * * Since Waynick and Rappaport, several states have developed their case law on the rationale of those cases and a lesser number of states have decided to abide by the common-law rule.

"In considering the case law of other states it is dif-

ficult to make a comparable analysis with the situation we find in Wisconsin. Some have dramshop laws, in some they have been repealed, others have never had them, and we find a variety of civil damage statutes. To the best of our knowledge none have comparative negligence. In some states, the problem is considered and deferred to the legislature, and many approach from the standpoint of 'proximate cause.' Whatever choice we make for Wisconsin is supportable by case authority elsewhere. See 75 A. L. R. 2d 833, 73-78 A. L. R. 2d Later Case Service (1968)." In that case, the Wisconsin Supreme Court declined to abrogate the common law rule, stating: "We look upon this as a policy decision and we are not persuaded to reverse the position previously taken by this court."

Another case discussing the erosion of the common law rule is Hamm v. Carson City Nugget, Inc., *supra*. In its opinion, the Supreme Court of Nevada states: "The common law rule has been eroded in recent years. Some courts now recognize a common law right of action on the premise that the serving of liquor initiates a foreseeable chain of events for which the tavern owner may be held liable. Waynick v. Chicago's Last Dept. Store, 269 F. 2d 322 (7 Cir. 1959); Rappaport v. Nichols, 156 A. 2d 1 (N. J. 1959); Jardine v. Upper Darby Lodge No. 1973, 198 A. 2d 550 (Pa. 1964); Elder v. Fisher, 217 N. E. 2d 847 (Ind. 1966). This recent trend has been rejected by other courts who continue to prefer the old doctrine. Carr v. Turner, 385 S. W. 2d 656 (Ark. 1965); Lee v. Peerless Ins. Co., 183 So. 2d 328 (La. 1966). Whatever choice we make for Nevada is supportable by case authority elsewhere. *In the final analysis the controlling consideration is public policy and whether the court or the legislature should declare it.*

"There are persuasive arguments either way." (Emphasis supplied.)

In Hamm, the Supreme Court of Nevada held that the violation of a statute similar to Nebraska's which pro-

vided that the person in charge of a saloon or bar who sells intoxicating liquor to any person who is drunk is guilty of a misdemeanor not only does not impose civil liability on the one in charge, but that the violation of its criminal statute would not constitute negligence per se. The court noted that in other contexts it had recognized that a violation of a penal statute is negligence per se, but it declined to so rule in that case since to do so would have subverted the apparent legislative intention. According to the court the statute was but one of many in the statutory scheme regulating the sale of tobacco and intoxicating liquor to minors and drunkards. See, also, Lee v. Peerless Ins. Co., 248 La. 982, 183 So. 2d 328 (1966); Hulse v. Driver, 11 Wash. App. 509, 524 P. 2d 255 (1974).

Plaintiff, on the other hand, cites an impressive number of cases from other jurisdictions to the contrary, holding that the violation of similar statutes may constitute negligence and give a right of action to a third party injured by reason of the violation of such statutes. See, for example, Elder v. Fisher, 247 Ind. 598, 217 N. E. 2d 847 (1966); Rappaport v. Nichols, 31 N. J. 188, 156 A. 2d 1 (1959); Vesely v. Sager, 5 Cal. 3d 153, 95 Cal. Rptr. 623, 486 P. 2d 151 (1971). In support of her position that the violation of section 53-180, R. R. S. 1943, is evidence of negligence, plaintiff also cites Hoopes v. Creighton, 100 Neb. 510, 160 N. W. 742 (1916), which, although not involving the violation of a liquor statute, holds that the violation of any statutory or valid municipal regulation, established for the purpose of protecting persons or property from injury, is sufficient to prove such a breach of duty as will sustain a private action for negligence, *if* other elements of actionable negligence concur. The case also holds that the failure of the statute or ordinance to provide civil liability does not prevent the violation from being evidence of negligence. Hoopes was an action for civil damages involving a Nebraska statute requiring the furnishing of fire escapes for hotels

and other buildings. The statute also provided for criminal penalties, and imposed a duty on the county attorney to prosecute violators. Plaintiff argues that the Nebraska statute under consideration is of the same nature; and, therefore, a violation of that statute constitutes evidence of negligence. While we recognize the cogency of plaintiff's argument, we are not convinced of its applicability in the present case. In view of our previous conclusion that the Nebraska statute under consideration does not create a civil cause of action in favor of third persons who are injured as a result of the violation of such statute, and what we believe was the purpose of the Legislature in enacting that type of statute after a former repeal of the prior Nebraska dram shop acts, we conclude that section 53-180, R. R. S. 1943, does not create a duty toward third parties, and, as such, the statute does not fix a standard of care, the violation of which could be proof of negligence in 'actions by third parties. To rule otherwise would thwart the intention of the Legislature.

With case law supporting the position of both parties, the ultimate decision of whether to impose a civil duty on the tavern owner because of a statute drawn to protect the public by preventing the sale of liquor to those intoxicated or under age is clearly a question of policy.

We are mindful of the misery caused by drunken drivers and the losses sustained by both individuals and society at the hands of drunken drivers, but the task of limiting and defining a new cause of action which could grow from a fact nucleus formed from any combination of numerous permutations of the fact situation before us is properly within the realm of the Legislature.

The imposition of a common law duty of due care would create a situation rife with uncertainty and difficulty. If the commercial vendor is liable for negligence, does the host at a social gathering owe a duty to prospective victims of guests? The difficulties of recognizing intoxication and predicting conduct of an intoxicated

patron without imposing some duty of inquiry are evident. Problems could also arise in the apportionment or sorting out of liability among the owners of various bars visited on "bar hopping" excursions. The correct standard of care to be used also presents a problem, as does the determination of whether all acts of the patron, including intentional torts, should be included within the liability of the tavern owner or operator.

We agree with the conclusion of the court in Hamm v. Carson City Nugget, Inc., *supra*, that, in the final analysis, the controlling considerations are public policy and whether the court or the Legislature should declare it. We believe that the decision should be left to the Legislature. The Legislature may hold hearings, debate the relevant policy considerations, weigh the testimony, and, in the event it determines a change in the law is necessary or desirable, it can then draft statutes which would most adequately meet the needs of the public in general, while balancing the interest of specific sectors.

The decision of the District Court is affirmed.

AFFIRMED.

NEWTON, J., concurs in the result.