359 So.2d 498 (1978)
UNITED SERVICES AUTOMOBILE ASSOCIATION, William J. Snyder and David A. Snyder, Appellants,
v.
William F. BUTLER, As Administrator of the Estate of Steven A. Butler, and William F. Butler, Individually, by and through the Administrator of the Estate of Steven A. Butler et al., Appellees.
No. 76-2650.
District Court of Appeal of Florida, Fourth District.
May 16, 1978.
Rehearing Denied June 28, 1978.
*499 Maron E. Lovell of D'Aiuto, Walker & Buckmaster, Orlando, for appellants.
J. Richard Caldwell, Jr., and Ira William McCollum, Jr., of Pitts, Eubanks, Ross & Rumberger, P.A., Orlando, for appellees  Leland Robar, Rita Robar and Cambridge Mutual Fire Ins. Co.
DOWNEY, Chief Judge.
Steven A. Butler was killed while riding as a passenger in an automobile owned by Appellant, William J. Snyder and driven by his son, Appellant David A. Snyder, a minor. The accident happened after David Snyder and Steven Butler had been social guests at a party at the home of Appellees Rita and Leland Robar, where alcoholic beverages were served to the guests. David Snyder became intoxicated and while driving home with Steven Butler as a passenger he rolled the car over, killing Butler.
William F. Butler, as administrator of his son's estate, and individually, brought this wrongful death action against William and David Snyder and their insurance carrier, and against Rita and Leland Robar and their insurance carrier. The Snyders filed a third party complaint against the Robars and their insurance carrier for contribution. The trial court dismissed the third party complaint with prejudice and this appeal ensued.
In their third party complaint appellants alleged that the Robars knew or should have known David was a minor, yet they served him alcoholic beverages in violation of Section 562.11, Florida Statutes (1973); that the Robars knew or should have known David arrived at their home by automobile and that he would leave driving an automobile; that the Robars breached their duty to the public by providing alcoholic beverages to a minor knowing he would become intoxicated and drive on the public streets; and that the Robars' negligence was the proximate cause of Butler's death.
Appellants contend their third party complaint stated a cause of action against the Robars arising out of their violation of Section 562.11, Florida Statutes (1973), and the Robars' negligence regardless of the statute in serving alcoholic beverages to a minor knowing he might become intoxicated and drive on the public highway.
At common law one injured by an intoxicated person had no cause of action against the dispenser of the intoxicating liquor, and that has been the general rule in this country in the absence of statute.[1] The rationale ascribed to that rule is that the drinking of the liquor and not the serving of it is the proximate cause of the injury.[2] Of course most states now have statutes making it a crime to sell, serve or give alcoholic beverages to minors. Furthermore, many states have enacted Dramshop Acts or Civil Damage Acts to afford civil damages to persons injured by one who is intoxicated against the unlawful seller or dispenser of alcoholic beverages.[3] In the main, these acts have been interpreted as fixing liability only on those who are in the business of dispensing intoxicants as opposed to private persons serving intoxicants socially.[4]
The applicable Florida Statute prohibiting the dispensation of alcoholic beverages to minors provides in pertinent part:
"562.11 Selling, giving or serving alcoholic beverages to minors prohibited.

"(1) It is unlawful for any person to sell, give, serve, or permit to be served alcoholic beverages to persons under twenty-one years of age or to permit a person under twenty-one years of age to *500 consume said beverages on the licensed premises. Anyone convicted of violation of the provisions hereof shall be guilty of a misdemeanor of the second degree, punishable as provided in § 775.082 or § 775.083."
The first question we must resolve in this case is whether the Legislature intended to impose liability on a social host for serving alcoholic beverages to a minor. As was pointed out above most of the cases refuse to extend liability that far, some even declining to interpret the Dramshop and Civil Damage Acts that broadly. The language of the above quoted statute sounds all inclusive and yet most courts which have treated the question have interpreted similar language to be restricted to persons associated with a business establishment[5] dispersing alcoholic beverages. Additionally, there are several other reasons Section 562.11(1), Florida Statutes (1973) does not apply to social hosts. First, the phrase "or to permit a person under twenty-one years of age to consume said beverage on the licensed premises" suggests that the Legislature intended the prohibition to apply only to business establishments.
Secondly, Section 562.11(2), Florida Statutes (1973), provides:
"(2) It is unlawful for any person to misrepresent or misstate his age or the age of any other person for the purpose of inducing any licensee or his agents or employees to sell, give, serve, or deliver any alcoholic beverages to a person under twenty-one years of age... ."
This prohibition against misrepresentation of a minor's age applies only to licensees, not to social hosts. Yet if this entire statute were intended to apply to the social host it would be just as efficacious to make it unlawful for a minor to misrepresent his age to a social host as to a licensee.
As we pointed out earlier, the common law rule precluded liability attaching to a social host for dispensing intoxicants to a minor. If that rule is to be abrogated it should be done by the Legislature. As the court stated in Hamm v. Carson City Nugget, Inc., 85 Nev. 99, 450 P.2d 358 (1969):
"... [I]f civil liability is to be imposed, it should be accomplished by legislative act after appropriate surveys, hearings, and investigations to ascertain the need for it and the expected consequences to follow. We prefer this point of view. Judicial restraint is a worthwhile practice when the proposed new doctrine may have implications far beyond the perception of the court asked to declare it." Id. at 359.
Accordingly, we decline to hold that Section 562.11, Florida Statutes (1973) creates a cause of action against a social host for injuries sustained by one injured as a result of a host's dispensing alcoholic beverages to a minor. In addition, since there was no cause of action at common law for damages against one for unlawfully dispensing intoxicants to a minor and since Florida has no statute authorizing such a recovery, we find no cause of action stated in appellant's third party complaint.
Accordingly, the order appealed from is AFFIRMED.
LETTS and CROSS, JJ., concur.
NOTES
[1] 45 Am.Jur.2d, Intoxicating Liquors § 553.
[2] Id.
[3] Florida has no Dramshop Act. Davis v. Shiappacossee, 155 So.2d 365 (Fla. 1963).
[4] See 8 A.L.R.3d 1412, Liability, under Dramshop Acts, of one who sells or furnishes liquor otherwise than in operation of regularly established liquor business; 53 A.L.R.3d 1285, Liability of person furnishing, on social occasion, intoxicating liquor, for negligent acts of intoxicated minor causing injury to plaintiff.
[5] Edgar v. Kajet, 84 Misc.2d 100, 375 N.Y.S.2d 548 (S.Ct. 1975), aff'd 55 A.D.2d 597, 389 N.Y.S.2d 631 (1976); Manning v. Andy, 454 Pa. 237, 310 A.2d 75 (1973).