451 So.2d 480 (1984)
Barbara ARMSTRONG and Donald E. Armstrong, Sr., Petitioners,
v.
MUNFORD, INC., Respondent.
No. 64500.
Supreme Court of Florida.
May 31, 1984.
J. Bruce Harper of Robinson, Macpherson, Harper, Kynes, Batt, Geller & Watson and Wayne J. Boyer, Clearwater, for petitioners.
H. Vance Smith and Ted R. Manry, III, of Macfarlane, Ferguson, Allison & Kelly, Tampa, for respondent.
Larry Klein, West Palm Beach, for The Academy of Fla. Trial Lawyers, amicus curiae.
ALDERMAN, Chief Justice.
We accept jurisdiction to review the decision of the District Court of Appeal, Second *481 District, in Armstrong v. Munford, Inc., 439 So.2d 1009 (Fla. 2d DCA 1983), wherein that court has certified the following question as being of great public importance:
Does a third party have a cause of action against the dispenser of alcoholic beverages for injuries caused by a minor when the alcoholic beverages were furnished in violation of section 562.11(1)(a), Florida Statutes (1981), notwithstanding the enactment of section 768.125, Florida Statutes (1981)?
The district court held that section 768.125, Florida Statutes (1981), in effect at the time of the accident involved in this case, requires that the selling or furnishing of the alcoholic beverage to a minor must be done willfully. It further held that in the present case there were neither allegations nor proof of a willful sale by Munford, Inc., of alcoholic beverages to a minor. We approve the result reached by the district court.
Unlike the situation in either Migliore v. Crown Liquors, Inc., 448 So.2d 978 (Fla. 1984), or Barber v. Jensen, 450 So.2d 830, No. 63,598 (Fla. Mar. 8, 1984), the present accident occurred after the effective date of section 768.125.
In our recent decisions of Migliore and Barber, we held that prior to the effective date of section 768.125, a third party who could establish proximate causation for his injuries did have a cause of action against the person who furnished alcoholic beverages to a minor in violation of section 562.11. We also stated, however, that although section 768.125 did not create a cause of action for third persons against dispensers of intoxicants for injuries caused by intoxicated minors, it does constitute a limitation on the already existing liability of vendors of intoxicating beverages. The district court correctly held that section 768.125 requires that the selling or furnishing of the alcoholic beverage must be done willfully. Section 768.125 controls in those cases arising after its effective date.
Accordingly, although we do not approve all of its rationale, we approve the result reached by the district court to affirm the trial court's summary judgment in favor of Munford, Inc.
It is so ordered.
ADKINS, BOYD, OVERTON, McDONALD and SHAW, JJ., concur.