I dissent.
Prior to September 30, 1980, § 28-3-260 (2) (Alcohol Beverage Control Code), Ala. Code 1975, made it unlawful for a liquor licensee to dispense alcohol to a person "visibly intoxicated." In September 1980, the legislature repealed this statute and substituted for it a new Alcohol Beverage Licensing Code, in particular § 28-3A-26. The new Code excluded any reference to sales to visibly intoxicated persons, and left it to the ABC Board to formulate regulations governing the subject. In September of 1982, the ABC Board promulgated Regulation20-X-6-.02, which makes it unlawful for any licensee to serve a person alcoholic beverages if the person is "acting n such a manner as to appear to be intoxicated."
The unfortunate incident which is the basis of this suit occurred in July of 1981, when there existed neither a statute nor a regulation making it unlawful to sell alcohol to a person either "visibly intoxicated" or "acting in such a manner as to appear to be intoxicated."
The majority overrules precedent established in 1876 in Kingv. Henkie, 80 Ala. 505 (1876), and reaffirmed in 1979 inDeLoach v. Mayer Electric Supply Co., 378 So.2d 733 (Ala. 1979), and establishes a cause of action which was not recognized at common law in an area traditionally reserved to the legislature. This newly created cause of action apparently will be available in addition to the cause of action based upon violation of the rules promulgated by the ABC Board.
Alabama, like most states, generally has recognized that the sale and dispensing of alcoholic beverages is governed by the legislature, and that body is in a much better position than this Court to determine what the public policy should be as to the scope of liability in that activity. We agree with the Supreme Court of Nebraska, which said in Holmes v. Circo,196 Neb. 496, 504-505, 244 N.W.2d 65, 70 (1976):
 "We are mindful of the misery caused by drunken drivers and the losses sustained by both individuals and society at the hands of drunken drivers, but the task of limiting and defining a new cause of action which could grow from a fact nucleus formed from any combination of numerous permutations of the fact situation before us is properly in the realm of the legislature.
". . . .
 ". . . The legislature may hold hearings, debate the relevant policy considerations, weigh the testimony, and, in the event it determines a change in the law is necessary or desirable, it can then draft statutes which would most adequately meet the needs of the public in general, *Page 129 
while balancing the interest of specific sectors."
It is the legislature which can most appropriately review the problems and difficulties which the creation of a common law action would produce. Some of the problems which the courts have recognized are best left to legislative consideration are (1) the difficulty of distinguishing between a commercial vendor and a social host; (2) the difficulty of recognizing intoxication; (3) the difficulty of predicting the conduct of an intoxicated person; (4) the difficulty in imposing a duty of inquiry on the seller or host; (5) the difficulty in apportioning liability among various sellers or hosts; (6) the appropriate standard of due care; and (7) the distinction between negligent and intentional acts. Holmes v. Circo, supra.
Because I believe the regulation of the sale of alcohol, including liability to third persons when it is sold to a person allegedly intoxicated, is a matter peculiarly within the legislature's domain, I must dissent.
TORBERT, C.J., and MADDOX and ALMON, JJ., concur.