480 So.2d 246 (1985)
Edmund Carl BANKSTON, Mary Bankston and Lori Bankston, a Minor, Appellants,
v.
Francis J. BRENNAN, Jr., Brian Francis Brennan, and Steven Ladika, Appellees.
No. 85-427.
District Court of Appeal of Florida, Fourth District.
December 31, 1985.
Arnold Grevior Chartered, and Ralph Pelaia, Jr., Fort Lauderdale, and Larry Klein of Klein & Beranek, P.A., West Palm Beach, for appellants.
Rex Conrad and Valerie Shea of Conrad, Scherer & James, Fort Lauderdale, for appellee Steven Ladika.
LEVY, DAVID L., Associate Judge.
The appellant (the plaintiff in the trial court) was injured when his vehicle was struck by another vehicle driven by a minor who was on his way home from a party hosted by the appellee (who was the defendant in the trial court). The appellee had served alcoholic beverages to the minor at the party.
The appellant sued the appellee for his injuries, specifically basing his cause of action on section 768.125, Florida Statutes (1983), which was in effect at all times material hereto. The appellee filed a motion to dismiss the complaint, arguing that it failed to state a cause of action. The motion to dismiss was granted, with the complaint being dismissed with prejudice.
The specific question presented to this court is:
Does Section 768.125, Florida Statutes (1983) create a cause of action in favor of a person injured by an intoxicated minor driver who was served alcoholic beverages by a private party host?
The trial court answered this question in the negative, primarily relying on two decisions of the Florida Supreme Court. We also feel ourselves bound by those decisions and, therefore, agree with the trial *247 court and affirm its dismissal of the complaint.
An earlier statute, Section 562.11(1), Florida Statutes (1973), provided:
It is unlawful for any person to sell, give, serve, or permit to be served alcoholic beverages to persons under twenty-one years of age or to permit a person under twenty-one years of age to consume said beverages on the licensed premises. Anyone convicted of violation of the provisions hereof shall be guilty of a misdemeanor of the second degree, ...
Because of the language "on the licensed premises" contained within the above statutory provision, this section has been held to relate solely to commercial vendors of alcoholic beverages. The common law did not provide a cause of action against a private social host, under the circumstances of this case, and no court decision in this state has specifically changed that principle of law.
In 1980, the legislature enacted Section 768.125, Florida Statutes, which provides:
A person who sells or furnishes alcoholic beverages to a person of lawful drinking age shall not thereby become liable for injury or damage caused by or resulting from the intoxication of such persons, except that a person who willfully and unlawfully sells or furnishes alcoholic beverages to a person who is not of lawful drinking age or who knowingly serves a person habitually addicted to the use of any or all alcoholic beverages may become liable for injury or damage caused by or resulting from the intoxication of such minor or person.
It is this new statutory language that the appellant herein sought to use as a basis for the lawsuit filed in the trial court. Specifically, appellant contends that by enacting section 768.125, the legislature created a cause of action that had not previously existed in the state, to-wit: the right of a third party to sue a private social host who serves alcoholic beverages to a minor who thereafter causes injury or damage to the third party. In support of this argument, appellant cites Barnes v. B.K. Credit Service, Inc., 461 So.2d 217 (Fla. 1st DCA 1985), as standing for the proposition that section 768.125 created a cause of action. Appellant's reliance on Barnes is, however, misplaced. First, the "right created" by section 768.125, according to Barnes, pertains to the right of recovery against a person for injuries caused by an intoxicated minor, as opposed to adult, driver. Secondly, appellant's contention as to the significance of Barnes is at variance with the language of the two Florida Supreme Court decisions relied upon by the trial court in the instant case.
Specifically, in Migliore v. Crown Liquors, Inc., 448 So.2d 978 (Fla. 1984), the Florida Supreme Court stated:
Moreover, contrary to the Fourth District's holding in the present case that section 768.125 creates a cause of action for third persons against dispensers of intoxicants for injuries by intoxicated minors, we find that section 768.125 is a limitation on the liability of vendors of intoxicating beverages.
448 So.2d at 980.
In addition to this language which reflects the supreme court's view that section 768.125 limits already existing liability of vendors, and does not create a cause of action, the supreme court went on, in the same opinion, to recognize that this was the apparent intent of the legislature, as reflected by the following language:
When the legislature enacted this statute, it was presumed to be acquainted with the judicial decisions on the subject, including Davis and Prevatt. Moreover, the legislative intent that this statute limit the existing liability of liquor vendors is clear from its enacting title which reads: "An act relating to the Beverage Law; creating s. 562.51, Florida Statutes [codified as s. 768.125] providing that a person selling or furnishing alcoholic beverages to another person is not thereby liable for injury or damage caused by or resulting from the intoxication of such other person; providing exceptions; providing an effective date."
448 So.2d at 981.
The supreme court did not stop there, however. In Armstrong v. Munford, Inc., *248 451 So.2d 480 (Fla. 1984), the court, discussing the Migliore case, noted:
We also stated, however, that although section 768.125 did not create a cause of action for third persons against dispensers of intoxicants for injuries caused by intoxicated minors, it does constitute a limitation on the already existing liability of vendors of intoxicating beverages.
451 So.2d at 481.
This proposition was again repeated in the case of Forlaw v. Fitzer, 456 So.2d 432 (Fla. 1984), wherein the Florida Supreme Court, again discussing the Migliore case as it related to section 768.125, stated:
We held that the statute limited the cause of action previously recognized by the courts.
456 So.2d at 433-34.
For the foregoing reasons, and relying on the language contained in the opinions of the Florida Supreme Court referred to above, we affirm the trial court's dismissal of appellant's complaint.
Because we feel the question involved herein is of great public importance, and is one which has not been specifically addressed before, we certify the following question to the supreme court:
DOES SECTION 768.125, FLORIDA STATUTES, CREATE A CAUSE OF ACTION, AGAINST A SOCIAL HOST, AND IN FAVOR OF A PERSON INJURED BY AN INTOXICATED MINOR WHO WAS SERVED ALCOHOLIC BEVERAGES BY THE SOCIAL HOST?
AFFIRMED.
LETTS and HURLEY, JJ., concur.