499 So.2d 899 (1986)
Robert KIRKLAND, Appellant,
v.
David Aaron JOHNSON, Vernon A. O'Quinn, Oliver Cummings Pickett, Sr., Kathleen Pickett, Oliver Cummings Pickett, Jr., and Donna Pickett, Appellees.
No. BM-11.
District Court of Appeal of Florida, First District.
December 19, 1986.
Rehearing Denied January 26, 1987.
*900 James T. Terrell and Evan J. Yegelwel, of Brown, Terrell, Hogan & Ellis, Jacksonville, for appellant.
S. Grier Wells, of Brant, Moore, Sapp, MacDonald & Wells, Jacksonville, for appellees Oliver Cummings Pickett, Sr. and Kathleen Pickett.
Charles M. Johnston, of Taylor, Day, Rio & Mercier, Jacksonville, for appellees Oliver Cummings Pickett, Jr. and Donna Pickett.
WENTWORTH, Judge.
Appellant seeks review of an order by which his complaint was dismissed for failure to state a cause of action. Appellant contends that the court erred in its construction of section 768.125, Florida Statutes. In dismissing appellant's complaint the court below relied upon the Fourth District's decision in Bankston v. Brennan, 480 So.2d 246 (Fla. 4th DCA 1985), pending on certification, Fla. Supreme Court Case No. 68,281. In Bankston the Fourth District held that section 768.125, Florida Statutes, does not create a cause of action against a social host for third party injuries resulting from the intoxication of a minor to whom alcoholic beverages have been furnished at a private function. We agree with the rationale of the decision in Bankston, and we therefore affirm the order appealed.
BOOTH, C.J., and THOMPSON, J., concur.