507 So.2d 1385 (1987)
Edmund Carl BANKSTON, et Ux., et al., Petitioners,
v.
Francis J. BRENNAN, Jr., et al., Respondents.
No. 68281.
Supreme Court of Florida.
May 21, 1987.
Rehearing Denied June 29, 1987.
Arnold Grevior Chartered, Fort Lauderdale, Ralph Pelaia, Jr., Fort Lauderdale and Larry Klein of Klein & Beranek, P.A., West Palm Beach, for petitioners.
Rex Conrad and Valerie Shea of Conrad, Scherer & James, Fort Lauderdale, for respondents.
Arnold R. Ginsberg of Horton, Perse & Ginsberg, Miami, for Academy of Florida Trial Lawyers, amicus curiae.
Marjorie Gadarian Graham of Jones & Foster, P.A., West Palm Beach, for Florida Defense Lawyers Ass'n, amicus curiae.
EHRLICH, Justice.
We have for our review Bankston v. Brennan, 480 So.2d 246 (Fla. 4th DCA 1985), wherein the district court certified the following question of great public importance:
DOES SECTION 768.125, FLORIDA STATUTES, CREATE A CAUSE OF ACTION, AGAINST A SOCIAL HOST, AND IN FAVOR OF A PERSON INJURED BY AN INTOXICATED MINOR WHO WAS SERVED ALCOHOLIC BEVERAGES BY THE SOCIAL HOST?
Id. at 248. We have jurisdiction, article V, section 3(b)(4), Florida Constitution, and answer the question in the negative.
*1386 The respondent, Brian Francis Brennan, a minor, was invited to a party hosted by the Ladikas. Brennan was served alcoholic beverages at the party, and on the way home his automobile collided with a vehicle driven by the petitioner, Eddie Bankston; his wife, Mary Bankston, was a passenger in Eddie's car, as was Eddie and Mary's daughter, Lori. The Bankstons received personal injuries as a result of the collision. The Bankstons brought suit against the Ladikas alleging a violation of section 768.125, Florida Statutes (1983).
The trial court granted Brennan's motion to dismiss for failure to state a cause of action. In dismissing the Bankston's complaint with prejudice, the trial court relied on two prior decisions of this Court in finding that no cause of action exists against a social host under the circumstances of this case. The district court affirmed the dismissal and certified the question now before us.
Our disposition of the certified question turns solely on the meaning to be given to section 768.125. Therefore, a brief historical narrative is called for.
As specified in its enacting title, the legislature enacted chapter 80-37, Laws of Florida, "[a]n act relating to the Beverage Law," creating section 562.51, which evidences the fact that the legislature clearly intended this act to be included within chapter 562, Beverage Law: Enforcement. Without any legislative direction, 80-37 was subsequently codified by the Joint Legislative Management Committee as section 768.125 in the chapter dealing with Negligence.
Our first occasion to address this statute was in Migliore v. Crown Liquors of Broward, Inc., 448 So.2d 978 (Fla. 1984). The issue presented was whether, prior to the effective date of section 768.125, a vendor who sold intoxicating beverages to a minor was liable to third persons injured by the minor's operation of a motor vehicle. We recognized that cases such as Davis v. Shiappacossee, 155 So.2d 365 (Fla. 1963), and Prevatt v. McClennan, 201 So.2d 780 (Fla. 2d DCA 1967), had broadened a vendor's liability for injuries to minors or third parties which resulted from illegal sales to minors. 448 So.2d at 980. We therefore held in Migliore that prior to the statute's effective date, such a cause of action did exist. We also held that section 768.125 represented a limitation on a vendor's liability, reasoning:
When the legislature enacted this statute it was presumed to be acquainted with the judicial decisions on this subject, including Davis and Prevatt. Moreover, the legislative intent that this statute limit the existing liability of liquor vendors is clear from its enacting title which reads: "An act relating to the Beverage Law; creating s. 562.51, Florida Statutes [codified as s. 768.125], providing that a person selling or furnishing alcoholic beverages to another person is not thereby liable for injury or damage caused by or resulting from the intoxication of such other person; providing exceptions; providing an effective date." Chapter 80-37, Laws of Florida (1980).
Id. at 981.
Armstrong v. Munford, Inc., 451 So.2d 480 (Fla. 1984), involved an accident which occurred after the effective date of 768.125. We reaffirmed our holding in Migliore that the statute constituted a limitation on the already existing liability of vendors. Id. at 481. This same view of the statute's provisions was again reaffirmed in Forlaw v. Fitzer, 456 So.2d 432, 433 (Fla. 1984).
The petitioners advance two basic arguments in support of their contention that 768.125 does create a cause of action against a social host under these circumstances. First, they suggest that Migliore and Armstrong do not control the issue here because those cases only involved vendor liability. Second, they allege that the plain language of the statute and its placement in the chapter dealing with negligence is indicative of the legislature's intent to create a cause of action against a social host. We reject both of these arguments.
As we explicitly recognized in Migliore, vendor liability had been broadened by judicial *1387 decisions and that the legislative response to that trend was to limit that liability. It would therefore be anomalous and illogical to assume that a statute enacted to limit preexisting vendor liability would simultaneously create an entirely new and distinct cause of action against a social host, a cause of action previously unrecognized by the common law, see Davis v. Shiappacossee, 155 So.2d 365 (Fla. 1963), and which has heretofore been unrecognized by statute or judicial decree.
The polestar of statutory construction is, of course, legislative intent. Although petitioners' argument that the plain language of the statute creates a cause of action against a social host has superficial appeal, we cannot simply ignore our prior decisions of which the legislature is presumably aware. Further, to attach legal significance to the placement of 80-37 in the Negligence chapter, instead of its placement in the chapter on Beverage Law Enforcement as directed by the legislature which enacted 80-37, would in effect allow the Joint Legislative Management Committee, authorized by section 11.242(5)(e) to transfer acts, to alter the substance of a statute. This we refuse to do.
Petitioners' final argument is that if this Court concludes that section 768.125 does not apply to social hosts, we should recognize a common law cause of action in favor of similarly situated plaintiffs.[*] We decline. We do not hold that we lack the power to do so, but we do hold that when the legislature has actively entered a particular field and has clearly indicated its ability to deal with such a policy question, the more prudent course is for this Court to defer to the legislative branch. The issue of civil liability for a social host has broad ramifications, and as we recently observed, "of the three branches of government, the judiciary is the least capable of receiving public input and resolving broad public policy questions based on a societal consensus." Shands Teaching Hospital and Clinics, Inc. v. Smith, 497 So.2d 644, 646 (Fla. 1986). The legislature has evidenced, through chapter 562 and section 768.125 for example, a desire to make decisions concerning the scope of civil liability in this area. While creating such a cause of action may be socially desirable as petitioners cogently argue, the legislature is best equipped to resolve the competing considerations implicated by such a cause of action. We agree with the observation of the Nebraska Supreme Court when faced with a similar issue:
We are mindful of the misery caused by drunken drivers and the losses sustained by both individuals and society at the hands of drunken drivers, but the task of limiting and defining a new cause of action which could grow from a fact nucleus formed from any combination of numerous permutations of the fact situation before us is properly within the realm of the Legislature.
Homes v. Circo, 196 Neb. 496, 504, 244 N.W.2d 65, 70 (1976).
Accordingly, we answer the certified question in the negative and approve the decision of the district court below.
It is so ordered.
McDONALD, C.J., and OVERTON and SHAW, JJ., concur.
BARKETT, J., concurs specially with an opinion.
ADKINS, J. (Ret.), dissents with an opinion.
BARKETT, Justice, specially concurring.
I agree with the majority's analysis that section 768.125, Florida Statutes, was not intended to create a cause of action against a social host. Were I writing on a clean slate, however, I would agree with the supreme courts of Georgia and New Jersey in Sutter v. Hutchings, 254 Ga. 194, 327 *1388 S.E.2d 716 (1985), and in Kelly v. Gwinnell, 96 N.J. 538, 476 A.2d 1219 (1984), that common law principles of negligence are applicable to establish such liability. Since the legislature has acted to limit the liability of vendors, however, we cannot find social hosts more liable than the legislature has determined vendors should be.
ADKINS, Justice (Ret.) dissenting.
Section 768.125 provides in pertinent part:
[A] person who willfully and unlawfully sells or furnishes alcoholic beverages to a person who is not of lawful drinking age ... may become liable for injury or damage caused by or resulting from the intoxication of such minor or person. [Emphasis supplied.]
When the language of a statute is plain, clear and free of ambiguity this Court is obligated to follow the plain meaning of the statute. Citizens v. Public Service Commission, 425 So.2d 534 (Fla. 1982); Carson v. Miller, 370 So.2d 10 (Fla. 1979). The plain meaning of section 768.125 requires us to hold that a social host who willfully and unlawfully serves alcoholic beverages to a minor may be liable to any person injured by the actions of the intoxicated minor. Clearly, a social host who serves alcoholic beverages to a minor is a person who furnishes alcoholic beverages to a minor. In support, I point out that other courts have construed statutes with similar wording to create a statutory cause of action against a social host who furnishes alcoholic beverages to minors. See, e.g., Sutter v. Hutchings, 254 Ga. 194, 327 S.E.2d 716 (1985); Koback v. Crook, 123 Wis.2d 259, 366 N.W.2d 857 (1985).
Defendants assert that section 768.125 is ambiguous in light of the construction placed on a similar statute, section 562.11(1)(a), Florida Statutes (1973), by the First District Court of Appeal in Bryant v. Pistulka, 366 So.2d 479 (Fla. 1st DCA 1979), and the Fourth District Court of Appeal in United Services Automobile Association v. Butler, 359 So.2d 498 (Fla. 4th DCA 1978). Section 562.11(1), Florida Statutes (1973), begins:
It is unlawful for any person to sell, give, serve, or permit to be served alcoholic beverages to persons under twenty-one years of age or to permit a person under twenty-one years of age to consume said beverages on the licensed premises.
Despite the use of the broad term such as "person" and "give," the courts in both Bryant and Butler held that section 562.11 only applies to licensed vendors of alcoholic beverages. Nevertheless, Bryant and Butler are entirely consistent with my views today that liability under section 768.125 extends to social hosts as well as vendors of alcoholic beverages. The holding in Butler was premised on the fact that section 562.11 makes specific reference to "licensed premises." 359 So.2d at 500. Section 768.125 makes no such reference. Further, the finding that section 562.11 applies only to vendors is quite logical considering its placement in chapter 562 which pertains to beverage law enforcement. In sharp contrast, chapter 768 concerns negligence law.
The majority opinion asserts that our prior pronouncements concerning the effect of section 768.125 in Migliore v. Crown Liquors of Broward, Inc., 448 So.2d 978 (Fla. 1984), and Armstrong v. Munford, Inc., 451 So.2d 480 (Fla. 1984), require us to limit liability to tavern owners who serve alcoholic beverages to minors.
In Migliore, we discussed and approved of our prior holding in Davis v. Shiappacossee, 155 So.2d 365 (Fla. 1963), that the minor to whom a vendor illegally sells alcoholic beverages under section 562.11 may maintain a cause of action against the vendor for injuries resulting therefrom. On the precise issue before the Court in Migliore, we adopted the Second District Court of Appeal's holding in Prevatt v. McClennan, 201 So.2d 780 (Fla. 2d DCA 1967), and found that a vendor who sells alcoholic beverages to a minor in violation of section 562.11 may be liable to third persons injured by the minor's operation of a motor vehicle. In so holding, we acknowledged:
Moreover, contrary to the Fourth District's holding in the present case that *1389 section 768.125 creates a cause of action for third persons against dispensers of intoxicants for injuries by intoxicated minors, we find that section 768.125 is a limitation on the liability of vendors of intoxicating beverages.
448 So.2d at 980.
The quotation above does not mean that liability under section 768.125 is limited to vendors of intoxicating beverages. The portion of the statement rejecting the district court's finding that section 768.125 creates a cause of action for third parties against dispensers of intoxicants was made while assessing vendor liability and is therefore inapplicable in determining social host liability. In fact, the statement was made to rebut the district court's finding, contrary to Prevatt, that a third party injured by an intoxicated minor may not sue the tavern owner who dispensed the alcoholic beverages. The above quoted language finding that section 768.125 is a limitation of liability of vendors of intoxicating liquors is a correct statement of the law and a statement that one might expect to find in a case analyzing vendor liability. Clearly, one of the purposes behind the enactment of section 768.125 was to limit such liability. As we explained in Migliore, the legislature was presumed to be acquainted with judicial decisions such as Davis and Prevatt which held that a vendor who negligently served alcoholic beverages to a minor may be liable for injuries resulting therefrom, and sought to limit the liability of vendors by enacting section 768.125 which requires a party to provide alcoholic beverages to a minor willfully before liability may attach. 448 So.2d at 981.
The requirement that the selling or furnishing of alcoholic beverages under section 768.125 must be done willfully before liability may attach was emphasized in Armstrong, in which we affirmed an order of summary judgment in favor of a tavern owner because the complaint in question failed to allege that the tavern owner willfully sold alcoholic beverages to a minor. In so holding, we cited Migliore for the proposition that section 768.125 constitutes a limitation on the liability of vendors and does not create a cause of action for third persons against the dispenser of intoxicants. Like Migliore, the defendant in Armstrong was a tavern owner and therefore any statement in Armstrong to the effect that section 768.125 does not acknowledge liability for third persons against dispensers of intoxicants is constricted to actions against vendors.
According to the terms of section 768.125, a person who furnishes alcoholic beverages to a minor may not be liable to third persons for the resulting damages unless the furnishing is unlawful. Defendants contend that section 768.125 does not create liability for a social host because it is not unlawful to provide alcoholic beverages to minors within the confines of the home. I disagree. Section 562.111, Florida Statutes (1983), provides:
It is unlawful for any person under the age of 19 years, except a person employed under the provisions of s. 562.13 acting in the scope of his employment, to have in his possession alcoholic beverages... .
A social host who furnishes alcoholic beverages to a minor has aided or abetted in the commission of a misdemeanor and is therefore a principal in the first degree under section 777.011, Florida Statutes (1983). Further, a social host who serves alcoholic beverages to a person under eighteen years of age may be guilty of contributing to the delinquency of a minor as set forth in section 827.04(3), Florida Statutes (1983).
In Migliore, we held that violation of section 562.11, the statute creating vendor liability for injuries resulting from the illegal sale of alcoholic beverages to minors, constitutes negligence per se. We also held that persons killed or injured by the actions of the intoxicated minor were within the class of people the legislature intended to protect by enacting section 562.11, and could therefore maintain a cause of action against the tavern owner who supplied the alcohol. 448 So.2d at 979. Further, in approving Prevatt, we stated "[p]roviding alcoholic beverages to minors involves the obvious foreseeable risk of the minor's intoxication and injury to himself *1390 or a third person." 448 So.2d at 980. We also reemphasized our finding in Davis that the proximate cause of the injury was the sale rather than the consumption of the alcohol. Id.
With the exception of the requirement that a person furnishing alcoholic beverages under section 768.125 do so willfully before liability attaches, all of the general principles of law found applicable to a cause of action against a tavern owner under section 562.11 apply to social hosts under section 768.125. I find no valid basis, nor did the legislature, to distinguish between tavern owners and social hosts when it comes to furnishing alcoholic beverages to minors.
In my opinion, a violation of section 768.125 constitutes negligence per se. Either the injured minor or the third person injured by the intoxicated minor may maintain a cause of action against the social host who dispensed the alcoholic beverages. The foreseeability of injury which is apparent when the tavern owner provides the alcohol is no less apparent when the social host provides the intoxicating beverages. Further, the proximate cause of the injury is the furnishing of the alcoholic beverages by the social host rather than the consumption of alcohol by the minor.
Other general principles of negligence law should apply to personal injury actions brought against social hosts who unlawfully furnish alcohol to a minor. In an automobile accident case such as this, I believe the intoxicated minor driving the automobile and the social host who furnished the alcohol to the intoxicated minor are joint-tortfeasors. Further, depending upon the facts of the case, principles of comparative negligence as outlined in Hoffman v. Jones, 280 So.2d 431 (Fla. 1973), could limit recovery for the injured party.
As acknowledged in Armstrong, the party furnishing alcoholic beverages to a minor must do so "willfully" before liability may attach. I do not say that section 768.125 establishes a cause of action for the negligent furnishing of alcoholic beverages; more than mere furnishing of alcohol to a minor is required. In order to recover one must allege the following: the defendant furnished alcoholic beverages to a party he knew or should have known was under the legal drinking age; the defendant willfully furnished the minor with alcoholic beverages to the point of intoxication or willfully furnished alcoholic beverages to a noticeably intoxicated person under the legal drinking age; the furnishing of the alcoholic beverages was done unlawfully; and, it was reasonably foreseeable that the minor might cause injury to himself or others, and the defendant's negligence was a proximate cause of plaintiff's injuries.
In summary, I believe that section 768.125 creates a cause of action in favor of a minor or third person and against a social host who willfully and unlawfully furnishes alcoholic beverages to the minor. The plaintiffs made all of the proper allegations in this case. Accordingly, the decision of the district court should be quashed and the case remanded for further proceedings.
NOTES
[*] Petitioners direct our attention to cases from other jurisdictions wherein such a common law cause of action has been judicially recognized. See, e.g., Sutter v. Hutchings, 254 Ga. 194, 327 S.E.2d 716 (1985); Kelly v. Gwinnell, 96 N.J. 538, 476 A.2d 1219 (1984). Respondents direct our attention to decisions which have reached a contrary result finding the issue to be best suited for legislative resolution. See, e.g., Ling v. Jan's Liquors, 237 Kan. 629, 703 P.2d 731 (1985); Holmes v. Circo, 196 Neb. 496, 244 N.W.2d 65 (1976).