559 So.2d 217 (1990)
Kimberly DOWELL, Petitioner,
v.
GRACEWOOD FRUIT COMPANY, Respondent.
No. 74404.
Supreme Court of Florida.
March 29, 1990.
Nolan Carter of Law Office of Nolan Carter, Orlando, for petitioner.
Janet DeLaura Harrison of Smalbein, Johnson, Rosier, Bussey, Rooney & Ebbets, P.A., Rockledge, for respondent.
Larry Klein of Klein, Beranek & Walsh, P.A., West Palm Beach, amicus curiae for Academy of Florida Trial Lawyers.
GRIMES, Justice.
We review Dowell v. Gracewood Fruit Co., 544 So.2d 1131, 1132 (Fla. 4th DCA 1989), in which the district court certified the following question to be of great public importance:
Under the law of Florida may a social host be held liable for serving alcohol to a known alcoholic?
We have jurisdiction pursuant to article V, section 3(b)(4), of the Florida Constitution.
Kimberly Dowell was injured when struck by an automobile operated by Bernard Abbey at a time when he was allegedly intoxicated. Dowell sued Abbey's former employer, Gracewood Fruit Company (Gracewood), on the ground that Abbey was a known alcoholic who should not have been served alcoholic beverages at an outing sponsored by Gracewood earlier in the day on which the accident occurred. The trial court entered summary judgment for Gracewood on the authority of Bankston v. Brennan, 507 So.2d 1385 (Fla. 1987). The district court of appeal affirmed.
*218 The disposition of this case turns on the construction to be given section 768.125, Florida Statutes (1989), which reads:
A person who sells or furnishes alcoholic beverages to a person of lawful drinking age shall not thereby become liable for injury or damage caused by or resulting from the intoxication of such person, except that a person who willfully and unlawfully sells or furnishes alcoholic beverages to a person who is not of lawful drinking age or who knowingly serves a person habitually addicted to the use of any or all alcoholic beverages may become liable for injury or damage caused by or resulting from the intoxication of such minor or person.
On its face, the statutory language lends some support to Dowell's contention that the legislature created a cause of action against a social host who knowingly serves alcoholic beverages to an alcoholic. However, in Bankston, this Court reviewed the circumstances under which section 768.125 had been enacted and held that the statute did not create a cause of action against a social host for serving alcoholic beverages to a minor. In reaffirming our earlier decisions which had held that the statute constituted a limitation on the already existing liability of vendors for serving alcoholic beverages to minors we noted that
[i]t would therefore be anomalous and illogical to assume that a statute enacted to limit preexisting vendor liability would simultaneously create an entirely new and distinct cause of action against a social host, a cause of action previously unrecognized by the common law, and which has heretofore been unrecognized by statute or judicial decree.
The polestar of statutory construction is, of course, legislative intent. Although petitioners' argument that the plain language of the statute creates a cause of action against a social host has superficial appeal, we cannot simply ignore our prior decisions of which the legislature is presumably aware.
507 So.2d at 1387 (citation omitted).
While Dowell attempts to characterize Bankston as only deciding the liability for serving alcoholic beverages to a minor, the opinion unmistakably rejected the contention that section 768.125 created a cause of action against a social host.
Consistent with the vast majority of other courts which have considered the issue, we believe that the imposition of social host liability is a matter best left to the legislature. Several legislative sessions have passed since our decision in Bankston, but no amendments to section 768.125 have been forthcoming. Therefore, we must assume that the legislature is content with our interpretation of the statute.
Accordingly, we answer the certified question in the negative and approve the decision of the district court of appeal below.
It is so ordered.
EHRLICH, C.J., and OVERTON, McDONALD, SHAW and BARKETT, JJ., concur.
KOGAN, J., concurs specially with an opinion.
KOGAN, Justice, concurring specially.
I concur with the majority opinion only because this issue has already been decided in Bankston v. Brennan, 507 So.2d 1385 (Fla. 1987). However, I firmly believe that Justice Adkins in his dissent in Bankston was correct.