490 So.2d 193 (1986)
Diane EVERETT, As Personal Representative of the Estate of Wayne D. Everett, Appellant,
v.
John Wade CARTER; June Carter; Lynn Alaire Carter; Amos Gunn d/b/a Uncle Sam's Gun Shop and Pawn Shop; Thomas Labarbera and Sandra Jones d/b/a the Character Cage, Appellees.
No. 85-1155.
District Court of Appeal of Florida, Second District.
June 20, 1986.
Henry T. Courtney of Law Offices of Henry T. Courtney, and Patrice A. Talisman of Daniels & Hicks, P.A., Miami, for appellant.
*194 Chris W. Altenbernd of Fowler, White, Gillen, Boggs, Villareal & Banker, P.A., Tampa, for appellee Amos Gunn.
CAMPBELL, Judge.
Appellant, Diane Everett, as personal representative of the estate of Wayne D. Everett, appeals a final summary judgment in favor of appellee, Amos Gunn, d/b/a Uncle Sam's Gun Shop and Pawn Shop, in this wrongful death action. Finding that the trial court was correct in granting a summary judgment below, but for the wrong reasons, we affirm.
A proper ruling, even if based on the wrong reason, should be affirmed. Stuart v. State, 360 So.2d 406 (Fla. 1978); Congregation Temple De Hirsch v. Aronson, 128 So.2d 585 (Fla. 1961); Jaffe v. Endure-A-Life Time Awning Sales, 98 So.2d 77 (Fla. 1957); U.S. Home Corporation v. Suncoast Utilities, Inc., 454 So.2d 601 (Fla. 2d DCA 1984); Moudy v. Southland Distributing Company of St. Petersburg, Inc., 452 So.2d 1045 (Fla. 2d DCA 1984).
The undisputed facts giving rise to this appeal are as follows. On February 7, 1983, John Wade Carter, age nineteen, went to Uncle Sam's Gun Shop, which was owned and operated by Amos Gunn, appellee. Carter found a .44 magnum Ruger revolver at the gun shop which he liked, but was unable to purchase because he was under twenty-one years of age. A federally licensed firearm dealer is prohibited from selling or delivering any firearm other than a shotgun or a rifle to any individual who the licensee knows or has reasonable cause to believe is less than twenty-one years of age. 18 U.S.C. § 922(b)(1) (1976). Appellee Gunn was aware that Carter was under twenty-one years of age. Carter, however, placed a $20 deposit on the revolver and informed appellee Gunn that he would have his mother come in and buy it for him. The next day, Carter's twenty-eight-year-old sister, Lynn Elaine Carter, who was visiting the family home, went to the gun shop with Carter to purchase the revolver. She filled out the necessary forms and signed her name for the purchase. The gun was then delivered directly from appellee Gunn to Carter. It is undisputed that appellee Gunn knew he was delivering the revolver to Carter.
Six weeks later on March 24, 1983, appellant's husband, Wayne D. Everett, was shot by Carter, who used the .44 magnum revolver which had been purchased from appellee Gunn. Carter was convicted of second degree murder concerning the death of Mr. Everett, and his sentence in that case was affirmed by this court in the case of Carter v. State, 464 So.2d 172 (Fla. 2d DCA), aff'd, 479 So.2d 117 (Fla. 1985).
Appellant's cause of action against appellee Gunn is based upon a negligence per se theory growing out of appellee Gunn's unquestionable violation of section 922(b)(1). The trial court granted summary judgment for appellee Gunn, concluding that the legislative history of section 922 did not prohibit sales to family members over the age of twenty-one, even though the purpose of the sale might be to supply the gun to a family member under the age of twenty-one. Thus, the trial court held that section 922 was not violated and, therefore, appellee Gunn's actions could not constitute negligence per se. We are unable to agree with that conclusion because section 922(b)(1) clearly prohibits the delivery, as well as the sale, of a firearm to anyone less than twenty-one years of age. In the instant case, there was no question that the delivery was made to Carter who was nineteen years of age.
It appears to us, however, that there exists an anomaly in the law in the State of Florida with respect to the sale and possession of firearms other than rifles or shotguns as a result of the irreconcilable provisions of Florida and federal law. While it is a violation of section 922(b)(1) to sell or deliver a firearm other than a shotgun or a rifle to any individual under twenty-one years of age, it is neither a violation of federal law nor Florida law for anyone over the age of eighteen to possess such a firearm. Thus, while Carter was prohibited from purchasing a firearm under the *195 federal firearm act, section 922, it was perfectly lawful for him to possess and own such a firearm. Therefore, we conclude that Carter's commission of a criminal act six weeks after the purchase and delivery of the firearm could not have been proximately caused by the delivery of the firearm in violation of section 922(b)(1). See Stanage v. Bilbo, 382 So.2d 423 (Fla. 5th DCA 1980). Carter's criminal act of killing Mr. Everett was an independent intervening cause that was not within the realm of reasonable forseeability on the part of appellee Gunn. Anglin v. State of Florida Department of Transportation, 472 So.2d 784 (Fla. 1st DCA 1985); Stahl v. Metropolitan Dade County, 438 So.2d 14 (Fla. 3d DCA 1983); Leib v. City of Tampa, 326 So.2d 52 (Fla. 2d DCA 1976); Ward v. University of South, 354 S.W.2d 246 (Tenn. 1962).
We find little to distinguish this case from the case of Robinson v. Howard Brothers of Jackson, Inc., 372 So.2d 1074 (Miss. 1979). That case involved a minor who represented himself to be an adult and purchased a firearm in violation of section 922(b)(1). The Supreme Court of Mississippi held in Robinson that the dealer who sold the weapon to the minor was not liable for the subsequent criminal act of the minor involving the murder of a woman with the illegally sold firearm. The Supreme Court of Mississippi, quoting from Prosser, held that "[t]he question of foreseeability is important in our case because there is less reason to anticipate premeditated and malicious acts as opposed to acts which are merely negligent."
A clear statement on this question of foreseeability appears in W. Prosser, The Law of Torts, pp. 173, 174 (4th ed. 1971), where the author states:
There is normally much less reason to anticipate acts on the part of others which are malicious and intentionally damaging than those which are merely negligent; and this is all the more true where, as is usually the case, such acts are criminal. Under all ordinary and normal circumstances, in the absence of any reason to expect the contrary, the actor may reasonably proceed upon the assumption that others will obey the criminal law. (Footnote omitted.)
Thus, we conclude that the summary judgment in favor of appellee Gunn was properly entered because the intervening criminal act of Carter, who was in lawful possession of the firearm, was an unforeseeable consequence of the violation of section 922(b)(1).
We find this case distinguishable from K-Mart Enterprises of Florida, Inc. v. Keller, 439 So.2d 283 (Fla. 3d DCA 1983) due to the fact that Carter was under no legal prohibition under either federal or state law from possessing or owning the weapon in question.
Affirmed.
DANAHY, Acting C.J., and FRANK, J., concur.