615 So.2d 184 (1993)
Irma SOGO, as Surviving Mother of Anthony Damaso Sogo, and as Personal Representative of the Estate of Anthony Damaso Sogo, Appellant,
v.
GARCIA'S NATIONAL GUN, INC., Appellee.
No. 92-17.
District Court of Appeal of Florida, Third District.
March 2, 1993.
*185 Miguel San Pedro, Miami, for appellant.
Lee, Schulte, Murphy & Eaton, P.A., and Rebecca Greer Tanner, Coral Gables, for appellee.
Before BARKDULL, COPE and GODERICH, JJ.
PER CURIAM.
Irma Sogo, the surviving mother and personal representative of the Estate of Anthony Damaso Sogo, appeals an adverse summary final judgment. We reverse.
According to the amended complaint, defendant Garcia's National Gun, Inc., sold a firearm to Anthony Damaso Sogo on August 5, 1989. According to the amended complaint, Garcia's delivered the firearm to Sogo immediately, in violation of Dade County Code section 21-20.14.1, which requires a waiting period of three working days. Several hours later, Sogo used the firearm to commit suicide by shooting himself in the head.
Irma Sogo, decedent's mother, brought suit against Garcia's on her own behalf and as personal representative of the Estate of Anthony Damaso Sogo. She contended that Garcia's was negligent in selling the firearm to the decedent in violation of the ordinance. The trial court dismissed the amended complaint "with prejudice based on the failure of Plaintiff to state a cause of action and, more specifically, the Court finds that under the particular circumstances set forth in the Complaint, Plaintiff cannot establish a causal relationship between the alleged acts of negligence and the suicide death of the decedent."
Dade County by ordinance prohibits delivery of "a handgun to a purchaser within three (3) working days after the purchase of the handgun." Metropolitan Dade County Code § 21-20.14.1. The ordinance contains a number of exemptions. For present purposes the plaintiff has alleged that the sale took place in violation of the ordinance, i.e., was non-exempt. The text of the ordinance is set out in the margin.[*]
As we understand it, the purpose of the ordinance is to provide a "cooling off" period for persons who attempt to purchase a *186 handgun in order to inflict harm on themselves or others. The idea is to withhold the means of acting on such a plan or impulse by forbidding delivery until the end of the cooling off period. The theory is that in many cases this will prevent the plan or impulse from ever being acted on.
The trial court reasoned that there could be no liability on the part of Garcia's, since the decedent's decision to take his own life was an independent intervening cause. However, as Prosser states:
If the intervening cause is one which in ordinary human experience is reasonably to be anticipated, or one which the defendant has reason to anticipate under the particular circumstances, the defendant may be negligent, among other reasons, because of failing to guard against it; or the defendant may be negligent only for that reason.
W. Page Keeton et al., Prosser and Keeton on the Law of Torts § 44, at 303 (5th ed. 1984); see Vining v. Avis Rent-A-Car Systems, Inc., 354 So.2d 54, 55-56 (Fla. 1977); Exchange Bank v. Florida National Bank, 292 So.2d 361, 362 (Fla. 1974); Holley v. Mt. Zion Terrace Apartments, Inc., 382 So.2d 98, 101 (Fla. 3d DCA 1980); Cruz v. Hundley, 371 So.2d 698, 699 (Fla. 3d DCA 1979); Railway Express Agency, Inc. v. Garland, 269 So.2d 708, 710-11 (Fla. 1st DCA 1972), cert. denied, 275 So.2d 14 (Fla. 1973); see also Montgomery Ward & Co. v. Cooper, 339 S.E.2d 755, 757 (Ga. Ct.App. 1986).
Here, Garcia's is chargeable with knowledge of the Dade County ordinance and the risk that it was designed to guard against. See Gibson v. Avis Rent-A-Car System, Inc., 386 So.2d 520, 522-23 (Fla. 1980). The act of decedent was, by virtue of the ordinance, a foreseeable intervening cause. The complaint therefore sufficiently alleges a causal relationship between Garcia's negligence and decedent's death.
Garcia's next contends that decedent is not a member of the class intended to be protected by the Dade County ordinance. Garcia's argues that the ordinance is intended to guard against the possibility that a purchaser will purchase a handgun and use it on third persons, but not against the possibility that the purchaser may use the firearm on himself. We disagree. In our view the required cooling off period is designed to interrupt a plan or impulse by the purchaser to acquire a handgun to use against himself or others, and the ordinance is directed at both. We conclude that the purchaser is within the class intended to be protected by the ordinance, and find no textual basis in the ordinance to exclude him.
Garcia's contends that the amended complaint did not sufficiently state a cause of action because it fails to plead that there was no exemption applicable to this transaction. We disagree. Under familiar principles, the amended complaint must be construed in the light most favorable to the pleader. Here, the plaintiff has alleged the facts of the handgun purchase and has pled specifically that the transaction was accomplished in violation of Dade County ordinance 21-20.14.1. When plaintiff pleads that the handgun was sold in violation of the ordinance, a fair reading of plaintiff's allegation is that there was no applicable exemption; if there were an applicable exemption, then the ordinance would not have been violated.
*187 For the reasons stated, we conclude that plaintiff's amended complaint stated a cause of action for negligence based on violation of the waiting period ordinance. In the trial court the plaintiff also alleged a violation of section 21-20.14 of the Metropolitan Dade County Code, which prohibits sale or delivery of firearms to certain classes of persons. Plaintiff alleged no facts showing that the decedent fell into any of the categories enumerated by section 21-20.14, and on this appeal, plaintiff does not challenge that aspect of the order of dismissal.
Plaintiff has also argued that violation of section 21-20.14.1 creates strict liability for the defendant, relying on Sloan v. Coit International, Inc., 292 So.2d 15 (Fla. 1974), and Tamiami Gun Shop v. Klein, 116 So.2d 421, 423 (Fla. 1959). We disagree. The decedent was not a minor and plaintiff has not otherwise established a basis for imposition of strict liability. See generally W. Page Keeton et al., supra, § 36 at 229-30.
The order under review is reversed and the cause remanded for further proceedings consistent herewith.
NOTES
[*] Sec. 21-20.14.1 Three working days waiting period.

(a) Definitions.
Purchase means payment of deposit, payment in full, or notification of intent to purchase.
Retail establishment means gun shop, sporting goods store, pawn shop, hardware store, department store, discount store, bait or tackle shop, or any other store or shop that offers handguns for walk-in retail sale but does not include gun collectors shows or exhibits, or gun shows.
(b) Applicability. This section shall apply to all sales of handguns to individuals by retail establishments unless exempted in subsection (d) hereof.
(c) Prohibition. It shall be unlawful and a violation of this section for any retail establishment to deliver a handgun to a purchaser within three (3) working days after the purchase of the handgun. It shall be unlawful and a violation of this section for any individual to take possession of a handgun within three (3) working days after the purchase of the handgun. Records of handgun sales by retail establishments shall be available for inspection during normal business hours by any law enforcement agency as defined in Section 934.02, Florida Statutes.
(d) Exceptions. The following shall be exempted from the provisions of this section:
(1) Individuals who are licensed to carry concealed firearms under the provisions of Section 790.06, Florida Statutes, or who are licensed to carry concealed firearms under any other provisions of state law and who show a valid license;
(2) Individuals who already lawfully own another firearm and who show a sales receipt for another firearm; who are known to own another firearm through a prior purchase from the retail establishment; or who have another firearm for trade-in;
(3) A law enforcement or correctional officer as defined in section 943.10, Florida Statutes;
(4) A law enforcement agency as defined in Section 934.02, Florida Statutes;
(5) Sales or transactions between dealers or between distributors or between dealers and distributors who have current federal firearms licenses; or
(6) Any individual who has been threatened or whose family has been threatened with death or bodily injury, provided the individual may lawfully possess a firearm and provided such threat has been duly reported to Metro-Dade Police Department or any municipal police department within Dade County, Florida.
(e) Penalties. Every person who is convicted for a violation of this section shall be punished upon a first conviction by imprisonment for not less than six (6) months or by a fine of not less than one thousand dollars ($1,000.00) or by both such a fine and imprisonment, in the discretion of the court and on a second and subsequent conviction shall be punished by imprisonment for not less than one year or by a fine of not less than one thousand dollars ($1,000.00) or by both such fine and imprisonment, in the discretion of the court.