642 So.2d 774 (1994)
Sandra F. COKER, as personal representative of the Estate of Billy Wayne Coker, Appellant,
v.
WAL-MART STORES, INC., a Foreign Corporation, and James Patrick Bonifay, Appellees.
No. 92-2439.
District Court of Appeal of Florida, First District.
September 8, 1994.
Rehearing Denied October 11, 1994.
Martin H. Levin, Levin, Middlebrooks, Mabie, Thomas, Mayes & Mitchell, Pensacola, for appellant.
*775 J. Dixon Bridgers, III, Bridgers, Gill & Holman, Pensacola, for appellees.
ZEHMER, Chief Judge.
Sandra F. Coker, appearing in her capacity as personal representative of the estate of her husband Billy Wayne Coker, appeals a final order dismissing her amended complaint for wrongful death against Wal-Mart Stores, Inc. Because we hold that the circumstances alleged in her complaint are legally sufficient to state a cause of action against Wal-Mart, we reverse and remand for further proceedings. Specifically, we disagree with the trial court's ruling that the allegations in the complaint are insufficient to satisfy the element of causation.
Coker filed an action for wrongful death following the tragic murder of her husband which occurred during a robbery of an auto parts store perpetrated by Appellee James Patrick Bonifay and one Larry Fordham.[1] In her amended complaint Coker set forth the following allegations, which must be taken as true for purposes of a motion to dismiss. See Anderson v. Emro Marketing Co., 550 So.2d 531 (Fla. 1st DCA 1989). On January 26, 1991, approximately four hours prior to the robbery and murder, Wal-Mart sold to Bonifay and Fordham, or to one of them, a box of .32 caliber bullets. At the time of the sale, both Bonifay and Fordham were under the age of 21 and the sale violated 18 U.S.C. § 922(b)(1), the federal Gun Control Act, which proscribes the sale of ammunition to persons under the age of 21. Wal-Mart never requested identification from either Bonifay or Fordham, and neither was asked his age. Had Wal-Mart not sold the bullets to Bonifay and Fordham, they would have had no other means of obtaining ammunition that evening, and Billy Wayne Coker would not have been murdered since he was not a regular employee of the auto parts store but was only filling in that fateful night for a sick employee.
Wal-Mart did not dispute that the sale was in violation of 18 U.S.C. § 922. Instead, in a motion to dismiss, Wal-Mart asserted that Coker had failed to state a cause of action because, it contended, the federal statute did not create a duty on its part to Billy Wayne Coker, and the purchasers' intervening act of murder was not within the vendor's realm of foreseeability, so that the illegal sale was not a legal cause of decedent's death.
The trial court, properly rejecting Wal-Mart's first contention, ruled that the federal statute in question created a duty on the part of Wal-Mart to Billy Wayne Coker. Decker v. Gibson Products Co. of Albany, Inc., 679 F.2d 212 (11th Cir.1982). The trial court, however, dismissed the complaint on the erroneous basis that, as a matter of law, the intervening criminal act of murder was not foreseeable, so that the illegal sale was not the proximate cause of the decedent's death. In so ruling, the trial court attempted to reconcile two seemingly disparate Florida cases addressing this issue under similar circumstances. K-Mart Enterprises of Florida, Inc. v. Keller, 439 So.2d 283 (Fla. 3d DCA 1983), rev. denied, 450 So.2d 487 (Fla. 1984), involved the illegal sale of a firearm to a drug user. The third district rejected K-Mart's argument that the intervening criminal act was unforeseeable and found that the shooting of a police officer by an alcoholic to whom the drug user had entrusted the firearm was within a foreseeable range of outcomes which Congress had hoped to prevent by passage of the Gun Control Act. In Everett v. Carter, 490 So.2d 193 (Fla. 2d DCA 1986), rev. denied, 501 So.2d 1281 (Fla. 1986), on the other hand, the second district concluded that a summary judgment was correctly entered in favor of the seller, where the defendant illegally sold or delivered a handgun to a minor and six weeks later the minor shot the victim, who then sued the seller, because it determined that the intervening criminal act of the purchaser was an unforeseeable consequence of the violation of 18 U.S.C. § 922 (b)(1). In so holding, the second district distinguished Keller on the basis "that Carter was under no legal prohibition under either federal or state law from *776 possessing or owning the weapon in question." Id. at 195. (Emphasis added.)
In dismissing the complaint in the present case, the trial court conceded, for purposes of determining proximate causation, that it had difficulty understanding the significance attributed by the second district in Carter to the fact that it was legal for the minor to possess a handgun. Nevertheless, with the exception of the six-week delay between the sale and the shooting in Carter (which the trial court believed immaterial to a determination of proximate cause), and the distinction that Carter involved the sale of a firearm rather than the sale of ammunition, the trial court found little to distinguish the present case from Carter. Believing itself constrained to follow Carter, the trial court ordered the complaint dismissed.
Under Florida law, to state a cause of action for negligence, Coker was required to allege that: (1) Wal-Mart owed a legal duty that included within its ambit her husband, Billy Wayne Coker; (2) Wal-Mart breached that duty; (3) the breach was a legal or proximate cause of her husband's death; and (4) Coker suffered damages as a result. See generally, Paterson v. Deeb, 472 So.2d 1210, 1214 (Fla. 1st DCA 1985), rev. denied, 484 So.2d 8 (Fla. 1986); and Bondu v. Gurvich, 473 So.2d 1307, 1312 (Fla. 3d DCA 1984), rev. denied, sub nom. Cedars of Lebanon Hosp. Care Center v. Bondu, 484 So.2d 7 (Fla. 1986). The trial court held that the first and second elements were properly alleged. It relied on Decker v. Gibson Products Co. of Albany, wherein the Eleventh Circuit Court of Appeals held that a violation of the federal Gun Control Act is always evidence of negligence and constitutes negligence per se if the state where the sale occurs recognizes that violation of a penal statute is negligence per se, as does Florida. See Tamiami Gun Shop v. Klein, 116 So.2d 421 (Fla. 1959). The trial court, however, concluded that the third element of proximate causation was lacking in the present case.
Proximate causation essentially consists of two elements: cause in fact and foreseeability. See Schatz v. 7-Eleven, Inc., 128 So.2d 901 (Fla. 1st DCA 1961). For purposes of this opinion, our focus is on foreseeability, because it is without question that Bonifay and Fordham's criminal conduct was the cause of Billy Wayne Coker's death. Only if the criminal conduct alleged in the amended complaint was unforeseeable as a matter of law would Wal-Mart be relieved of liability and entitled to dismissal of the subject complaint. This, however, is not the case.
In McCain v. Florida Power Corporation, 593 So.2d 500 (Fla. 1992), the Florida Supreme Court addressed the confusion between the foreseeability factor of duty and the foreseeability element in proximate causation. The duty element focuses on whether the defendant's conduct foreseeably created a broader "zone of risk" that poses a general threat of harm to others. The proximate causation element "is concerned with whether and to what extent the defendant's conduct foreseeably and substantially caused the specific injury that actually occurred." Id. at 502. In that respect, the supreme court noted that, while duty is a "minimum legal requirement," proximate causation is a more "specific factual requirement that must be proved," with the focus on whether "prudent human foresight would lead one to expect that similar harm is likely to be substantially caused by the specific act or omission in question." Id. at 502-03. Although the court ruled it unnecessary that the exact nature and extent of the injury, or the precise manner of its occurrence, be foreseen, it also stated that "[t]he law does not impose liability for freak injuries that were utterly unpredictable in light of common human experience." Id. Only in the latter instance would the trial court have the discretion to consider the issue of proximate causation as a matter of law if, "`after the event and looking back from the harm to the actor's negligent conduct, it appears to the court highly extraordinary that [the conduct] should have brought about the harm.'" Id. at 504, quoting from Restatement (Second) of Torts § 435(2) (1965).
The trial court in the present case resolved the issue of proximate causation adversely to Coker, as a matter of law, in part because it *777 was persuaded by the observation in Carter that possession of handgun ammunition by minors is not illegal in Florida. Carter does not compel the result reached by the trial court, because, as Coker argues, Carter did not turn on the lawfulness of possession. Instead, that factor was only one of a number of considerations weighed in the second district's decision and was, in fact, merely an observation by the court to illustrate "an anomaly in the law in the State of Florida with respect to the sale and possession of firearms other than rifles and shotguns as a result of the irreconcilable provisions of Florida and federal law." 490 So.2d at 194. The second district instead focused primarily on the fact that the murder occurred six weeks after the purchase and delivery of the firearm and was an intentional act as opposed to being merely negligent. The court concluded that the minor's criminal act of murder "was an independent intervening cause that was not within the realm of reasonable foreseeability on the part" of the gun vendor. Id. at 195. In so holding, the court relied on the decision in Robinson v. Howard Brothers of Jackson, Inc., 372 So.2d 1074 (Miss. 1979), wherein the Supreme Court of Mississippi found not liable a dealer who sold a weapon to a minor, who later used it to commit murder. The Mississippi court, quoting from Prosser, held that "`[t]he question of foreseeability is important in our case because there is less reason to anticipate premeditated and malicious acts as opposed to acts which are merely negligent.'" Carter, 490 So.2d at 195. The second district in Carter, however, went on to quote in greater detail the general proposition from W. Prosser, The Law of Torts, pages 173, 174 (4th ed. 1971), that "`[t]here is normally much less reason to anticipate acts on the part of others which are malicious and intentionally damaging than those which are merely negligent; and this is all the more true where, as is usually the case, such acts are criminal.'" Id.
In contrast, the third district, in K-Mart Enterprises of Florida, Inc. v. Keller, affirmed a judgment entered on a jury verdict against the defendant based upon the sale of a firearm in violation of 18 U.S.C. § 922, by focusing, not on the legality of the possession of the firearm, but on foreseeability in light of the reasons for Congressional enactment of the Gun Control Act, such as the purposes the statute enacted was to serve and the "type of harm" it was meant to obviate. Relying on legislative intent articulated by the United States Supreme Court in Huddleston v. United States, 415 U.S. 814, 94 S.Ct. 1262, 39 L.Ed.2d 782 (1974), the third district concluded that the "risk of harm" Congress meant to prevent by enacting 18 U.S.C. § 922 was just the "type" of conduct which occurred in the case before it. The court noted the Supreme Court's extensive quotation in Huddleston from the legislative history of the Gun Control Act and, in particular, the fact that "`Congress determined that the ease with which firearms could be obtained contributed significantly to the prevalence of lawlessness and violent crime in the United States.'" Id. at 286. As the third district observed, the Huddleston ruling underscores the principal purpose of the legislation: to prevent those deemed too dangerous or irresponsible due to age, criminal background, or incompetency from obtaining firearms and ammunition. To accomplish that purpose, Congress chose to control the initial dissemination of firearms and ammunition, and not simply to prohibit the subsequent possession of them. Id.
The argument that legality of possession is pivotal to the issue of proximate causation under these circumstances entirely defeats the congressional purpose of the Act and renders its provisions a nullity.[2] For the same reason, the proposition that criminal *778 acts resulting from the unlawful sale of firearms or ammunition should be treated differently under a proximate causation analysis from negligent acts is equally unavailing.
Chief Judge Schwartz cogently and persuasively analyzed the issue in Keller as follows:
Since the irresponsibility and unpredictability of the recipient was the very reason that Congress forbade such a transfer of the firearm, it can make no difference that the danger was actually realized, as it almost invariably must be, in what would in other contexts be deemed an unanticipatable manner. As was said in Holley v. Mt. Zion Terrace Apartments, Inc., 382 So.2d 98 (Fla. 3d DCA 1980), quoting from comment b to Restatement (Second) of Torts, § 449 (1965):
The happening of the very event the likelihood of which makes the actor's conduct negligent and so subjects the actor to liability cannot relieve him from liability. The duty to refrain from the act committed or to do the act omitted is imposed to protect the other from this very danger. To deny recovery because the other's exposure to the very risk from which it was the purpose of the duty to protect him resulted in harm to him, would be to deprive the other of all protection and to make the duty a nullity.
382 So.2d at 101. One who gives matches to a pyromaniac can hardly claim that it could not be exactly foreseen what or whom he might harm or in what strange manner or how long it might take him to light the fire. [Citations omitted.]
In accordance with these principles, numerous cases have held that the criminal misuse of a firearm does not insulate the seller from liability arising out of a violation of similar provisions of the Gun Control Act. Decker v. Gibson Products Co. of Albany, Inc., supra; Franco v. Bunyard, [261 Ark. 144, 547 S.W.2d 91 (1977)]; J.M. Fields Co. v. Smuckler, 385 So.2d 124 (Fla. 3d DCA 1980) (per curiam); see also Hetherton v. Sears, Roebuck & Co., [445 F. Supp. 294 (D.Del. 1978), aff'd in part, rev'd in part, 593 F.2d 526 (3d Cir.1979)]; Sosa v. Coleman, 646 F.2d 991 (5th Cir.1981); contra, Robinson v. Howard Brothers of Jackson, Inc. [supra]... .
Id. at 287.
As a general principle, the issue of proximate causation is ordinarily one to be resolved by the trier of fact. Allen v. Babrab, Inc., 438 So.2d 356 (Fla. 1983). Considering that rule, and applying the foregoing observations made in Huddleston and Keller, with which we agree, we are unwilling to hold as a matter of law in ruling on a motion to dismiss that an ammunition vendor's violation of 18 U.S.C. § 922(b)(1) cannot be found to be the proximate cause of injury or death caused by the purchaser's intentional or criminal act. Accord Hetherton v. Sears Roebuck & Co., 593 F.2d 526 (3d Cir.1979); Rubin v. Johnson, 550 N.E.2d 324 (Ind. Ct. App. 1990); Crown v. Raymond, 159 Ariz. 87, 764 P.2d 1146 (Ct.App. 1988); West v. Mache of Cochran, 187 Ga. App. 365, 370 S.E.2d 169 (1988); Franco v. Bunyard, 261 Ark. 144, 547 S.W.2d 91 (1977), cert. denied, 434 U.S. 835, 98 S.Ct. 123, 54 L.Ed.2d 96 (1977).[3] Rather, we conclude the complaint sufficiently alleged a causal relationship between Coker's decedent's death and Wal-Mart's negligence in selling the ammunition to Bonifay and Fordham in violation of the statute. Cf. Sogo v. Garcia's National Gun, Inc., 615 So.2d 184 *779 (Fla. 3d DCA 1993).[4]
Accordingly, the trial court erred in dismissing Coker's amended complaint against Wal-Mart. The cause is, therefore, REVERSED and REMANDED for further proceedings.
ALLEN and WEBSTER, JJ., concur.
NOTES
[1] Bonifay's conviction of first-degree murder was affirmed by the supreme court, but his sentence of death was vacated and his case remanded in Bonifay v. State, 626 So.2d 1310 (Fla. 1993). Fordham's conviction and sentences were per curiam affirmed by this court in Fordham v. State, 619 So.2d 955 (Fla. 1st DCA 1993).
[2] Under analogous circumstances, the Florida Supreme Court in Ellis v. N.G.N. of Tampa, 586 So.2d 1042 (Fla. 1991), and Peoples Restaurant v. Sabo, 591 So.2d 907 (Fla. 1991), considered the liability of liquor vendors who sold alcoholic beverages in contravention of section 768.125, Florida Statutes. The habitual drunkards to whom those beverages were unlawfully sold became intoxicated and were involved in automobile accidents. That the defendants violated no law by possessing the alcohol was irrelevant to the liability issue; rather, the court focused on the "obvious foreseeable risk" of injury by the sale of alcohol "to a class of persons who lack the ability to make a responsible decision in the consumption of alcohol." Ellis v. N.G.N. of Tampa, Inc., 586 So.2d at 1046-47.
[3] Since the conference of this cause, Wal-Mart has filed several cases from other jurisdictions as supplemental authority to support its argument that the criminal conduct in this case was unforeseeable as a matter of law. See Fly v. Cannon, 836 S.W.2d 570 (Tenn. Ct. App. 1992); Phillips v. K-Mart Corporation, 588 So.2d 142 (La. Ct. App. 1991); Chapman v. Oshman's Sporting Goods, Inc., 792 S.W.2d 785 (Tex. Ct. App. 1990); Bryant v. Winn-Dixie Stores, Inc., 786 S.W.2d 547 (Tex. Ct. App. 1990). However, we fundamentally disagree with any suggestion by these rulings that a violation of the Gun Control Act cannot amount to negligence per se or, as a matter of law, cannot be said to result foreseeably in criminal conduct.

The single Florida case cited is simply a per curiam affirmance with only a dissent to elucidate the possible issues that may have been involved. See Keenan v. Oshman Sporting Goods, Co., Florida, 629 So.2d 210 (Fla. 5th DCA 1993). We decline to accord it persuasive value.
[4] In Sogo, the third district reversed a summary final judgment entered against the plaintiff in a wrongful death action, holding the defendant gun vendor chargeable with knowledge of the Dade County ordinance prohibiting the delivery of a handgun to a purchaser within three days of the purchase, and that the decedent's suicide was, by virtue of the ordinance, a foreseeable intervening cause.