VAN NORTWICK, Judge.
Wal-Mart Stores, Inc., appeals the denial of its motion for judgment notwithstanding the verdict and motion for new trial or remittitur following an adverse jury verdict in this wrongful death action. Sandra Coker, as personal representative of the estate of Billy Wayne Coker, cross appeals seeking to have the full amount of the verdict entered against Wal-Mart. We reject as without merit Wal-Mart’s argu- *258 merits that (i) the jury’s apportionment of fault was contrary to the manifest weight of the evidence; (ii) that the verdict was affected by passion; and (iii) that the killing of Billy Wayne Coker was an unforeseeable, superseding, intervening criminal action which cut off Wal-Mart’s liability for the negligent sale of ammunition to a minor. We thus affirm as to all issues raised in Wal-Mart’s appeal. With respect to the issue raised in the cross appeal, in view of our decision in Wal-Mart Stores, Inc. v. McDonald, 676 So.2d 12 (Fla. 1st DCA), review granted, 687 So.2d 1304 (Fla.1996), we reverse and remand this case to the trial court to enter a judgment against Wal-Mart for the full amount of the verdict.
In violation of 18 U.S.C. § 922(b)(1), a federal criminal statute which prohibits the sale of pistol ammunition to persons less than twenty-one years of age and rifle or shotgun ammunition to persons less than eighteen years of age, Wal-Mart sold a box of .32 caliber bullets to two minors one Saturday evening in January 1991. Several hours later, the minors killed Billy Wayne Coker as he worked at his job at Trout Auto Parts in Pensacola, Florida. The minors involved were criminally tried and convicted for murder. Sandra Coker, wife of the deceased, filed an action for wrongful death against Wal-Mart. Wal-Mart moved to dismiss the complaint, arguing that the minors’ act in killing Coker was an intervening criminal act that was unforeseeable as a matter of law. The motion to dismiss was granted, and Coker appealed the trial court’s decision to this Court. We reversed, concluding that 18 U.S.C. § 922(b)(1) was enacted to prevent the exact type of harm which occurred in this case and that the issue of proximate causation was one for the jury. Coker v. Wal-Mart Stores, Inc., 642 So.2d 774 (Fla. 1st DCA 1994), rev. denied, 651 So.2d 1197 (Fla.1995). At trial, over Coker’s objections, the trial court permitted the minors’ names to appear on the verdict form, although they were not parties to this lawsuit. The jury returned a verdict awarding Mrs. Coker damages and finding Wal-Mart 35% legally at fault and the minors involved in the murder a combined 65% legally at fault. This appeal followed.
Only one of the issues on appeal requires further discussion. Wal-Mart argues that, because Coker’s murder was not the natural and probable consequence of the sale of the ammunition to persons under the age of 21, Wal-Mart’s liability is cut off by the minors’ criminal, intervening act. This issue was directly addressed by this court in the prior appeal in the instant action. There, this court held that it was “unwilling to hold as a matter of law in ruling on a motion to dismiss that an ammunition vendor’s violation of 18 U.S.C. § 922(b)(1) cannot be found to be the proximate cause of injury or death caused by the purchaser’s intentional or criminal act.” Coker, 642 So.2d at 778. Thus, proximate cause was properly an issue for the jury in this action.
We turn now to the issue on cross appeal. Section 768.81, Florida Statutes, abrogated the doctrine of joint and several liability with respect to non-economic damages and requires a court to apportion liability “on the basis of such party’s percentage of fault.” § 768.81(3), Fla. Stat. (1995). By its express terms, this statute “applies to negligence cases,” section 768.81(4)(a), Florida Statutes (1995), and “does not apply ... to any action based upon an intentional tort .... ” § 768.81(4)(b), Fla. Stat. (1995).
In Wal-Mart Stores, Inc. v. McDonald, 676 So.2d 12 (Fla. 1st DCA 1996), we considered the application of section 768.81 to an action in which the plaintiff, a shopping mall patron who had been shot in the mall parking lot during an attempted robbery, sought to recover damages based upon the alleged negligence of the defendants in failing to employ reasonable security measures at the mall. We concluded there (i) that, given the legislative intent in adopting the statute, the term “fault” as used in section 768.81(3) and in Fabre v. Mann, 623 So.2d 1182, 1185 (Fla.1993), *259 refers to a party’s negligence, and does not contemplate intentional acts, McDonald, 676 So.2d at 22; and (ii) that
the express distinction made by the legislature in subsection (4) between “intentional” and “negligence” prevents us from finding a statutory intent to eliminate the common law rules barring the [defendants] from reducing their own liability because of the intentional criminal act of a non-party from whom the [defendants] were charged with protecting [plaintiff].
Id. at 18. Thus, in McDonald, we held that the trial court’s omission of an intentional tortfeasor’s name from the verdict form was proper because intentional acts are excluded from the purview of section 768.81. See also Slawson v. Fast Food Enter., 671 So.2d 255 (Fla. 4th DCA 1996); contra Stellas v. Alamo Rent-A-Car, Inc., 673 So.2d 940 (Fla. 3d DCA 1996).
The trial court in the instant case did not have the benefit of the McDonald decision when ruling that the minors, as nonparty intentional tortfeasors, must appear on the verdict form. In light of our decision in McDonald, we reverse and remand on this issue with directions that the trial court enter the full amount of the verdict against Wal-Mart. We also certify to the Florida Supreme Court the same questions certified in McDonald, 676 So.2d at 22-23, and direct conflict with the decision of the Third District in Stellas. Art. V, § 3(b)(4), Fla. Const.
AFFIRMED in part, REVERSED in part, and REMANDED for proceedings consistent with this opinion. Question and conflict certified.
WOLF, J., concurs.
JOANOS, J., concurs specially with written opinion.