799 So.2d 433 (2001)
Douglas J. FRITSCH, as Personal Representative of the Estate of James Edward Fritsch, Deceased, Appellant,
v.
ROCKY BAYOU COUNTRY CLUB, INC., Appellee.
No. 1D01-0023.
District Court of Appeal of Florida, First District.
November 16, 2001.
*434 Arthur H. Lester, Fort Walton Beach, for Appellant.
Charles V. Peppler, of Vernis & Bowling of N.W. Florida, Pensacola, for Appellee.
BROWNING, J.
While acting as a "good Samaritan" driving a fellow country-club member (Wright) home because of Wright's very inebriated condition, Appellant's father (decedent) was killed by a gun shot by Wright. Appellant filed a wrongful death suit against the country club (Appellee) on the ground that Appellee had served the *435 alcoholic beverages to the killer, Wright, resulting in his intoxication, despite knowing him to be "habitually addicted to the use of ... alcoholic beverages" under section 768.125, Florida Statutes (1997).[1] The trial court granted final summary judgment to Appellee on the grounds that as a private, members-only, not-for profit corporation, Appellee is immune from liability under section 768.125; that Appellee had no legal duty to protect the decedent from Wright's conduct; and even assuming such a duty existed, "it was not foreseeable" that, as a result of intoxication, Wright would shoot the decedent with a personal firearm. By so holding, the trial court erred, and we reverse and remand for further proceedings.
Under Florida law, to state a cause of action for negligence in a wrongful death action, Appellant is required to allege 1) that Appellee owed a legal duty to the decedent; 2) that Appellee breached that duty; 3) that the breach was a legal or proximate cause of the decedent's death; and 4) that Appellant suffered damages as a result of the breach. McCain v. Florida Power Corp., 593 So.2d 500 (Fla.1992); Coker v. Wal-Mart Stores, Inc., 642 So.2d 774 (Fla. 1st DCA 1994); Paterson v. Deeb, 472 So.2d 1210 (Fla. 1st DCA 1985).
Addressing, first, whether Appellee is immune from Appellant's claim, we conclude it is not. After a review of the applicable statutes, we conclude that Appellee, as a not-for-profit corporation, is subject to suit "in its corporate name to the same extent as a natural person." § 617.0302(2), Fla. Stat. (1997); § 561.01(14), Fla. Stat. (1997) (beverage law provision stating that "licensee" or "person" means, inter alia, a corporation or other legal or commercial entity). Nowhere in chapter 617, Florida Statutes, which addresses not-for-profit corporations, is there even a hint that the legislature intended by statute to exempt such corporations from liability. Significantly, Appellee is required to have a license to sell, alcoholic beverages under chapter 561, Florida Statutes, and no special immunity from liability is extended for the type of license held by Appellee.
The trial court further erred by finding no factual dispute and determining, as a matter of law, that Appellee owed no duty to the decedent. Apparently, the trial court accepted Appellee's argument that the liquor Appellee sold and served to Wright was for a "social occasion," thereby exempting Appellee from liability. That legal conclusion is erroneous. Appellee holds a license to sell liquor and charges for alcoholic beverages, which it serves on a regular basis. The occasion of the "golf mixer," where Appellee sold and served large quantities of alcohol to Wright during the several hours immediately before Wright shot and killed the decedent, was not a "private social function" and, thus, does not fall within the ambit of Florida decisions holding that section 768.125 did not create a cause of action against a "social host." Dowell v. Gracewood Fruit Co., 559 So.2d 217 (Fla.1990) (social host who served alcohol to known alcoholic could not be held liable for injuries caused by his intoxication); Bankston v. Brennan, 507 So.2d 1385 (Fla.1987) (§ 768.125 did not create cause of action against social host for serving alcoholic beverages to minor); *436 Kirkland v. Johnson, 499 So.2d 899 (Fla. 1st DCA 1987) (no cause of action accrued against social host for third-party injuries resulting from intoxication of minor to whom alcohol was furnished at "private function").
Although section 768.125 generally protects from liability for injury or damage "[a] person who sells or furnishes alcoholic beverages to a person of lawful drinking age," the statute expressly provides that "a person who ... knowingly serves a person habitually addicted to the use of any or all alcoholic beverages may become liable" for resulting injury or damage. Appellee is a "person." § 561.01(14), Fla. Stat. (1997); see Russo v. Plant City Moose Lodge No. 1668, 656 So.2d 957 (Fla. 2d DCA 1995) (affirming final summary judgment entered in favor of fraternal lodge, which served alcohol to individual who later struck and killed appellant's decedent, where no testimony indicated the drinker had exhibited signs of habitual addiction to alcohol or that lodge had reason to believe he was addicted). While this specific matter was not addressed in the trial court's summary judgment, Appellee argues, in support of affirmance, there was no evidence to show Appellee knew Wright was habitually addicted to the use of alcoholic beverages. This position is ill-founded. While the evidence was conflicting, there was copious evidence upon which a jury could determine that Appellee knowingly served alcohol to Wright, a person who was "habitually addicted to the use of alcoholic beverages," and thus had a legal duty to Appellant. Summary final judgment is inappropriate under such circumstances. Ralston Purina Co. v. Webb, 310 So.2d 748 (Fla. 1st DCA 1975).
Finally, contrary to the trial court's determination that even if a legal duty exists, Wright's action was not foreseeable, Appellant presented evidence from which a jury could find that, by knowingly serving Wright too much alcohol, Appellee created a "zone of danger" that some injury could be anticipated. A plaintiff is not required to prove the exact manner of the injury to support a claim under section 768.125. See McCain, 593 So.2d at 504; Kirkman Road Sports Pub & Restaurant, Inc. v. Dempsey, 723 So.2d 384 (Fla. 5th DCA 1998); Coker, 642 So.2d at 774.
In summary, Appellee is not immune from liability under section 768.125; and the selling and serving of liquor to Wright by Appellee, as a corporate beverage licensee, distinguishes the instant facts from the "social host" situations. Jury questions were raised as to whether Appellee owed a legal duty to decedent, whether that duty was breached, and whether the injury or damage to Appellant was foreseeable. Given the disputed issues of material fact, these are not proper matters for the trial court to resolve by summary judgment. Fla. R. Civ. P. 1.150. The trial court having erred by granting summary judgment, we REVERSE the summary final judgment and REMAND for further proceedings.
WEBSTER and POLSTON, JJ., concur.
NOTES
[1] "768.125 Liability for injury or damage resulting from intoxication.A person who sells or furnishes alcoholic beverages to a person of lawful drinking age shall not thereby become liable for injury or damage caused by or resulting from the intoxication of such person, except that a person who ... knowingly serves a person habitually addicted to the use of any or all alcoholic beverages may become liable for injury or damage caused by or resulting from the intoxication of such ... person."