851 So.2d 781 (2003)
Rita H. JENKINS, Personal Representative of the Estate of James Kelly Goddard, deceased, Appellant,
v.
W.L. ROBERTS, INC., a Florida Corporation, d/b/a Ace Hardware Appliance & Auto Center, also d/b/a Napa Auto Parts, Appellee.
No. 1D02-2815.
District Court of Appeal of Florida, First District.
July 14, 2003.
Rehearing Denied August 14, 2003.
*782 William W. Corry, of Law Office of William W. Corry, P.A.; and Sidney L. Matthew, of Gorman & Matthew, P.A., Tallahassee, for appellant.
Tammy de Soto Cicchetti and Stephan Lampasso, of The Cicchetti Law Firm, Tallahassee, for appellee.
WOLF, C.J.
Rita Jenkins appeals from a final summary judgment in favor of the defendant, W.L. Roberts, Inc. in the wrongful death action filed as a result of the death of her 22-year-old son, James Kelly Goddard. Because we find that the undisputed material facts fail to establish a legal duty on behalf of the defendant, we affirm.
W.L. Roberts, Inc., appellee, is a retail hardware and auto racing supply store in Crawfordville, Florida which sold nitrous oxide to a customer named Tyler Augat sometime before November 7, 1998. On November 7, 1998, Mr. Augat was a passenger in a car driven by James Kelly Goddard; Mr. Augat and another passenger were inhaling the nitrous oxide (commonly referred to as "huffing") during the ride. Mr. Goddard's vehicle veered off the road, striking a steel I-beam sign pole. Mr. Goddard sustained fatal injuries. The autopsy report showed nitrous oxide in Goddard's system at the time of death.
On September 9, 1999, Rita Jenkins, as personal representative of the estate of James Kelly Goddard, filed a complaint against W.L. Roberts, Inc. for the wrongful death of her 22-year-old son. The complaint alleged that Kelly Goddard lost consciousness and crashed his car as a result of inhaling nitrous oxide given to him by his passenger, Mr. Augat, who had purchased the nitrous oxide from W.L. Roberts, Inc. The complaint alleged that W.L. Roberts, Inc. had a duty to take reasonable care to ensure that the nitrous oxide sold at its store would not be used as an inhalant, but would be only used for the lawful purpose of enhancing the engine performance of race cars. The complaint alleged that the defendant breached its duty by failing to take reasonable precautions to ensure that the nitrous oxide sold in its store would be used for its lawful purpose, and that defendant's failure to take such reasonable steps was the proximate cause of Mr. Goddard's death.
The defendant answered the complaint, asserting that there was no evidence on the issue of causation to establish that Mr. Goddard inhaled nitrous oxide from the defendant's store while driving; no evidence that Mr. Goddard lost consciousness while driving, causing him to hit a steel pole; and no evidence that even if Mr. Goddard lost consciousness, it was caused by the inhalation of nitrous oxide. The defendant also asserted that the circumstances described in the complaint were not foreseeable as a matter of law given the independent and intervening nature of the events.
The court reviewed the pleadings and the deposition transcript of Tyler Augat which contained Mr. Augat's testimony that he purchased nitrous oxide from the defendant's store the day before the accident. He further testified that he was 25 years old at the time of the purchase and that he told the store he was purchasing the nitrous oxide for the purpose of enhancing performance of his automobile for racing.
*783 The trial court granted final summary judgment in favor of the defendant relying on Guice v. Enfinger, 389 So.2d 270 (Fla. 1st DCA 1980), and Bryant v. Jax Liquors, 352 So.2d 542 (Fla. 1st DCA 1977), to find that the defendant's sale of nitrous oxide to the passenger in the Goddard vehicle was not foreseeable and was not the proximate cause of Mr. Goddard's death. The court also found that the defendant owed no legal duty to Mr. Goddard.
To establish a cause of action for negligence in a wrongful death action, a plaintiff must allege and prove (1) the existence of a legal duty owed to the decedent, (2) breach of that duty, (3) legal or proximate cause of death was that breach, and (4) consequential damages. See, e.g., Fritsch v. Rocky Bayou Country Club, Inc., 799 So.2d 433 (Fla. 1st DCA 2001). The duty element of negligence is a threshold legal question; if no legal duty exists, then no action for negligence may lie. McCain v. Florida Power Corp., 593 So.2d 500 (Fla.1992); Menendez v. Palms West Condo. Ass'n, 736 So.2d 58 (Fla. 1st DCA 1999).
In the complaint, Ms. Jenkins alleges that W.L. Roberts, Inc. "had a duty to take reasonable care to ensure that [nitrous oxide] sold at its store # 182, would be used for its lawful purpose of enhancing the engine performance of race cars and not as an inhalant." The complaint alleged no other basis for the existence of a legal duty. The relevant Florida statutes at the time of the sale of nitrous oxide at issue here and Mr. Goddard's death were sections 499.039 and 877.111(2), Florida Statutes (1997). Section 499.039 made it unlawful for a person
to sell, deliver, or give to a person under the age of 18 years any compound, liquid, or chemical containing ... nitrous oxide ... for the purpose of inducing by breathing, inhaling, or ingesting a condition of intoxication or which is intended to distort or disturb the auditory, visual, or other physical or mental processes.
(Emphasis added.) Section 877.111(2) made it unlawful for any person to possess, buy, sell, or otherwise transfer nitrous oxide for the purpose of inducing or aiding any other person to violate the provisions of the statute.[1] Both statutes require actual knowledge for violation of their provisions. There is no evidence in the record, and the appellant did not allege, that the person who bought the nitrous oxide, Tyler Augat, was under the age of 18 at the time the store sold it to him, and there is no competent evidence in the record that the store sold nitrous oxide to him or anyone under the age of 18 with the knowledge that they intended to inhale it. Although the appellant alleged in paragraphs 11 and 12 of the complaint that the store "knew or should have known" that the nitrous oxide sold to Tyler Augat was intended to be used as an inhalant or that Mr. Augat might distribute the nitrous oxide to others for inhaling, there is no competent evidence in the record that anyone associated with the auto parts store knew that Tyler Augat purchased the nitrous oxide with the intention of inhaling it or with the intention of giving it to a third party to inhale. The affidavits of Kevin Roberts, Walter Roberts, and Beverly Roberts contain sworn statements that there was no such knowledge. Absent special circumstances, there is no legal duty requiring a store to ensure that a product lawfully sold *784 will ultimately be used by a customer or unknown third party for a lawful purpose.[2]
We therefore affirm.
ERVIN, J., CONCURS; BENTON, J., CONCURS IN RESULT.
NOTES
[1] Section 877.111, Florida Statutes, was amended effective July 1, 2000, two years after the death of Kelly Goddard, to require a seller of nitrous oxide for automotive enhancement to include sulphur additive to make the gas smell like rotten eggs.
[2] Although a legal duty can be created where none existed in limited circumstances (special relationship of the parties, a contract, a violation of a specific statute created by the legislature to protect a class of persons into which the plaintiff falls), see Whelan v. Dacoma Enter., Inc., 394 So.2d 506 (Fla. 5th DCA 1981); Paterson v. Deeb, 472 So.2d 1210 (Fla. 1st DCA 1985), no special relationship was alleged nor is there evidence in the record to establish any special relationship between the hardware store and Kelly Goddard.